# UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL B. JOHNSON,** | ) | |
| **on behalf of himself and on behalf of those** | ) | |
| **similarly situated plaintiffs,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | **Case No.  2013 cv 7468** |
| | ) | |
| **vs.** | ) | |
| | ) | |
| **PUSHPIN HOLDINGS, LLC, JAY** | ) | |
| **COHEN, LEONARD MEZEI, ARI R.** | ) | |
| **MADOFF, ALISHA ROSS, LOUISA** | ) | |
| **TATBAK, SHAUN REDWOOD, GCN** | ) | |
| **HOLDING, LLC, and CIT FINANCIAL** | ) | |
| **USA, INC.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## NOTICE OF REMOVAL

Defendants, PUSHPIN HOLDINGS, LLC ("Pushpin"), JAY COHEN ("Cohen"), LEONARD MEZEI ("Mezei"), ARI R. MADOFF ("Madoff"), ALISHA ROSS ("Ross"), LOUISA TATBAK ("Tatbak"), SHAUN REDWOOD ("Redwood"), GCN HOLDING, LLC ("GCN"), and CIT FINANCIAL USA, INC. ("CIT) (collectively, "Defendants"), by and through their attorneys, Levenfeld Pearlstein, LLC, pursuant to, *inter alia*, 28 U.S.C. §§ 1446 and 1453 hereby file their Notice of Removal of *Johnson v. Pushpin Holdings, LLC*, *et al.*, Case No. 2013-L-010173, pending in the Circuit Court of Cook County, State of Illinois, Law Division (the "State Court Suit").

Defendants remove the State Court Suit on the basis of jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA") and, in support hereof, states as follows:

## I.     PLAINTIFFS' STATE-COURT CLAIMS

1.     On September 11, 2013, Plaintiff, Michael B. Johnson ("Johnson" or "Plaintiff"), filed the State Court Suit against Defendants, on behalf of himself and a putative class, for damages allegedly caused by Defendants' violations of the Illinois Consumer Fraud And Deceptive Business Practices Act, abuse of process and malicious prosecution. A copy of Plaintiff's Complaint (the "Complaint") is attached hereto as **Exhibit A**.

2.     The essence of Plaintiffs' Complaint is that Pushpin is filing and threatening to file lawsuits against members of the putative class without being registered with the Illinois Secretary of State as a foreign company (*see*, *e.g.*, Complaint, Exhibit A, ¶ 48), without being licensed and registered as a debt collection agency under the Illinois Collection Agency Act (*see*, *e.g.*, Complaint, Exhibit A, ¶49), and on time-barred debts (*see*, *e.g.*, Complaint, Exhibit A, ¶52).

3.     Defendants have yet to file a responsive pleading in the State Court Suit.

## II.     BASES FOR REMOVAL

4.     As more specifically set forth below: (a) the State Court Suit is a proposed "class action" as defined in 28 U.S.C. Section 1332(d)(1)(B); (b) at lease one member of the proposed class in the State Court Action is a citizen of a state (North Carolina) different from the state(s) where Defendants are citizens; and (c) the amount in controversy is in excess of $5,000,000, exclusive of interest and costs.

5.     "CAFA … favors federal jurisdiction over class actions." *Kurth v. Arcelormittal USA, Inc.,* 2:09–CV–108 2009 WL 3346588, *3 (N.D. Ind. Oct. 14, 2009).

**A.     Timeliness of Removal**

6.      Plaintiffs filed the Complaint on September 11, 2013.

7.      Pushpin was served with the Complaint on or about September 17, 2013.

8.      Cohen was served with the Complaint on or about September 23, 2013.

9.      Mezei was served with the Complaint on or about September 23, 2013.

10.      Madoff has not yet been served with the Complaint.

11.      Rios was served with the Complaint on or about September 20, 2013.

12.      Tatbak was served with the Complaint on or about September 23, 2013.

13.      Redwood was served with the Complaint on or about September 23, 2013.

14.      GCN was served with the Complaint on or about September 23, 2013.

15.      CIT was served with the Complaint on or about September 17, 2013.

16.      This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b). *See Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 354, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999) (finding time to remove begins from the date service is effectuated).

**B.      Minimal Diversity**

17.      28 U.S.C. § 1332(d)(2)(A) provides that, assuming the amount-in-controversy requirement is satisfied, federal district courts have original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

18.      For purposes of diversity jurisdiction, citizenship of an individual is determined by the individual's domicile at the time that the lawsuit is filed. *Trans States Airlines v. Pratt & Whitney Canada, Inc.*, 130 F.3d 290, 292-93 (7th Cir. 1997).

19.      Under CAFA, for purposes of determining diversity of citizenship, a corporation is a citizen of (1) the state under whose laws it is organized or incorporated; and (2) the state of

its 'principal place of business. *Hart v. FedEx Ground Package Sys. Inc.,* 457 F.3d 675, 676 (7th Cir. 2006).

20.     Likewise, under CAFA, "an unincorporated association shall be deemed to be a citizen of the State where it has its principal place of business and the State under whose laws it is organized." 28 U.S.C. § 1332(d)(10). A limited liability company is considered an "unincorporated association" under CAFA for purposes of determining diversity of citizenship. *Ferrell v. Express Check Advance of SC LLC*, 591 F. 3d 698, 699-700 (4th Cir. 2010) ("[W]e hold that, for purposes of determining subject matter jurisdiction under the Class Action Fairness Act of 2005…a limited liability company is an 'unincorporated association' as that term is used in 28 U.S.C. § 1332(d)(10) and therefore is a citizen of the State under whose laws it is organized and the State where it has its principal place of business*."); Bemis v. Safeco Ins. Co. of Am.*, No. 09–315–GPM, 2009 WL 1972169, at *2 n.3 (S.D.Ill. July 8, 2009) (stating the citizenship of both corporations and unincorporated associations is determined by (1) the state under the law of which they are organized and (2) the state where they maintain their principal place of business, with the latter being tested in this Circuit under a "nerve center" standard*); Bond v. Veolia Water Indianapolis, LLC*, 571 F. Supp. 2d 905, 912 (S.D. Ind. 2008) (subsection (d)(10) applies to limited liability companies).

21.     The principal place of business for purposes of diversity jurisdiction is determined using the "nerve center" test. *Hertz Corp. v. Friend*, 130 S. Ct. 1181, 1183, 175 L. Ed. 2d 1029, 1032 (2010). Under the "nerve center" test, the principal place of business is "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." Id. The nerve center "should normally be the place where the corporation maintains its headquarters – provided that the headquarters is the actual center of direction, control, and

coordination." *Id.* at 1184. The Supreme Court emphasized in *Hertz* that the "nerve center test" should be one of "administrative simplicity." *Id.*

22.     Here, "minimal diversity" exists.

23.     The named plaintiff, Johnson, is a citizen of North Carolina. (Complaint, Exhibit A, ¶1).

24.     Pushpin is a citizen of Delaware and New York. (Complaint, Exhibit A, ¶2).

25.     Pushpin is, and as of the date of the filing of the Complaint in this lawsuit was, a limited liability company organized and existing under the laws of Delaware. (*Id.*)

26.     Pushpin's principal place of business is, and as of the date of the filing of the Complaint in this lawsuit was, New York. (*Id.*)

27.     Cohen is a citizen of New York. (Complaint, Exhibit A, ¶4).

28.     Mezei is a citizen of New York.

29.     Madoff is a citizen of Illinois. (Complaint, Exhibit A, ¶9).

30.     Rios is a citizen of New Jersey. (Complaint, Exhibit A, ¶12).

31.     Tatbak is a citizen of New York. (Complaint, Exhibit A, ¶14).

32.     Redwood is a citizen of New York.

33.     GCN is a citizen of Delaware and New York. (Complaint, Exhibit A, ¶10).

34.     GCN is, and as of the date of the filing of the Complaint in this lawsuit was, a limited liability company organized and existing under the laws of Delaware. (*Id.*).

35.     GCN's principal place of business is, and as of the date of the filing of the Complaint in this lawsuit was, New York. (*Id.*).

36.     CIT is a citizen of Delaware and New Jersey.

37.     CIT is, and as of the date of the filing of the Complaint in this lawsuit was, a corporation organized and existing under the laws of Delaware. (Complaint, Exhibit A, ¶11).

38.     CIT's principal place of business is, and as of the date of the filing of the Complaint in this lawsuit was, New Jersey.

39.     Under CAFA, minimal diversity is all that is required. 28 U.S.C. § 1332(d)(2)(A) (federal district courts have original jurisdiction over class actions in which "any member of a class of plaintiffs is a citizen of a State different from any defendant").

40.     Even if the Court were to apply the test for determining diversity of citizenship in non-CAFA cases, there would be diversity of citizenship. When determining diversity of citizenship under 28 U.S.C. §1332(a) a limited liability company is considered a citizen of the State where its members are citizens. *Cosgrove v. Bartolotta*, 150 F. 3d 729, 731 (7th Cir. 1998)("we conclude that the citizenship of an LLC for purposes of the diversity jurisdiction is the citizenship of its members").

41.     Pushpin, a limited liability company, has three (3) members.

42.     The first member is EL Resolution Ventures LLC. The sole member of EL Resolution Ventures LLC is an independent retirement account for the benefit of Ephraim Landau. The custodian of the independent retirement account is IRA Services Trust Company, a company organized in California with its principal place of business in California. Ephraim Landau is a resident of the State of New York.

43.     The second member is CL Resolution Ventures LLC. The sole member of CL Resolution Ventures LLC is an independent retirement account for the benefit of Chaim Landau. The custodian of the independent retirement account is IRA Services Trust Company, a company

organized in California with its principal place of business in California. Chaim Landau is a resident of the State of New York.

44.  The third member is Pref Brush LLC. The sole member of Pref Brush LLC is a retirement savings account known as the Daniel Brush 401(k) which takes its name from subsection 401(k) of the Internal Revenue Code (Title 26 of the United States Code). The 401(k) is in New York. The 401(k)'s trustee is Daniel Brush. Daniel Brush is a resident of the State of New York.

45.  GCN, a limited liability company, has three (3) members.

46.  The first member is MTGLQ Investors, L.P., a limited partnership organized and existing under the laws of Delaware, with its principal place of business in New York..

47.  The second member is Cerberus Lynx Holdings LP, a limited partnership organized and existing under the laws of Delaware, with its principal place of business in New York..

48.  The third member is NLFG, LLC, a limited liability company organized and existing under the laws of Delaware, with its principal place of business in New York.. The first member of NLFG, LLC is Beverly Mezei, as Trustee of the March 19, 2009 Mezei Marital Trust. The March 19, 2009 Mezei Marital Trust is a New York trust. The second member of NLFG, LLC is Malki Blaustein, as Trustee of the March 17, 2009 Cohen Marital Trust. The March 17, 2009 Cohen Marital Trust is a New York trust

49.  Accordingly, diversity of citizenship would be satisfied because the named plaintiff, Johnson, is a citizen of North Carolina (Complaint, Exhibit A, ¶1) and Defendants would be citizens of Delaware, New York, Illinois, and New Jersey.

C.    **Amount in Controversy**

50.    "In any class action, the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs."  28 U.S.C. § 1332(d)(6).

51.    Here, the amount in controversy exceeds $5,000,000, exclusive of interest and costs.  28 U.S.C. § 1332(d)(2).

52.    Plaintiffs allege that Pushpin is filing and threatening to file lawsuits against members of the putative class without being registered with the Illinois Secretary of State as a foreign company (*see*, *e.g.*, Complaint, Exhibit A, ¶ 48), without being licensed and registered as a debt collection agency under the Illinois Collection Agency Act (*see*, *e.g.*, Complaint, Exhibit A, ¶49), and on time-barred debts (*see*, *e.g.*, Complaint, Exhibit A, ¶52) and seek, among other things, (i) disgorgement of all sums already obtained by Pushpin from its collection efforts against putative class members, (ii) forcing Pushpin to stop collection efforts from additional putative class members, (iii) attorney's fees, (iv) lost wages, and (v) punitive damages.  (*See*, *e.g.*, Complaint, Exhibit A, ¶¶56-58, 78-82).

53.    The relief sought in this action is, and should, not be limited to actions in which Pushpin has obtained default or other judgments but, rather and at a minimum, the relief sought by Plaintiffs directly impacts the over 1,100 cases filed by Pushpin in the Circuit Court of Cook County. (Complaint, Exhibit A, ¶¶13, 48, 51, 52, 55, 64-65, 67-68, 70-71, 75-76, and 79.

54.    Contrary to the allegations in the Complaint, Pushpin has filed approximately 1,300 actions in the Circuit Court of Cook County to recover amounts due to breaches of contract (on leases).   The aggregate amount sought in these 1,300 cases already filed is approximately $3,300,000.  Declaration of Joseph Sussman, Exhibit B, ¶¶5-6.

55.     "[A] party seeking to remove under CAFA must establish the amount in controversy by a preponderance of the evidence regardless of whether the complaint alleges an amount below the jurisdictional minimum." *Blomberg v. Service Corp. Int'l.*, 639 F.3d 761, 763 (7th Cir. 2011) ("The party seeking removal does not need to establish what damages the plaintiff will recover, but only how much is in controversy between the parties").

56.     Additionally, Pushpin is prepared to file actions to collect debts on several thousand additional leases, actions that the relief sought by Plaintiffs in the State Court Suit would effectively block.  Declaration of Joseph Sussman, Exhibit B, ¶7.

57.     The aggregate amount sought in these several thousand additional leases are in excess of $5,000,000 exclusive of interest and costs. *Id.*, ¶8.

58.     In addition, Plaintiffs seek attorneys' fees and punitive damages, and the potential for an award of attorney's fees and punitive damages is properly considered in the amount in controversy for removal purposes.   *See e.g., LM Insurance Corporation v. Spaulding Enterprises, Inc.*, 533 F 3d 542 (7th Cir. 2008); *Cadek v. Great Lakes Dragaway, Inc.*, 58 F.3d 1209, 1211-12 (7th Cir.1995); *Horsby v. Hornsby's Stores, Inc.* 763 F. Supp. 958, 959 (N.D. Ill. 1991).

59.     Plaintiffs seek $2,000,000 in punitive damages (on compensatory damages they estimate at $1,100,000 (rather than $3,300,000). (Complaint, Exhibit A, ¶80) and attorney's fees of $400,000 (*Id.*).

60.     When the potential for an award of attorneys' fees ($400,000) and punitive damages (no less than $2,000,000) is considered with the compensatory damages on the 1,300 actions already filed ($3,300,000) and the additional leases (no less than $5,000,000), there can be no doubt that the amount in controversy exceeds $5,000,000.

61.     Moreover, as the Court explained in *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008)(citation omitted), "Once the proponent of federal jurisdiction has explained plausibly how the stakes exceed $5 million, … then the case belongs in federal court unless it is legally impossible for the plaintiff to recover that much." *See also Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005) (holding that the defendant removing the state-court action pursuant to Class Action Fairness Act only had to show reasonable probability that amount satisfying Act's minimum was being claimed, and in order to refute that plaintiff had to show legal certainty that any judgment would be for amount below minimum).

**D.     There Are No Exceptions To Jurisdiction Under CAFA**

62.     None of the exceptions to this Court's original jurisdiction under 28 U.S.C. § 1332(d) apply to the State Court Suit.

63.     The so-called "local controversy" exception (28 U.S.C. § 1332(d)(4)(A)(i)) does not apply.  Initially, more than two-thirds of the members of the putative class are not citizens of Illinois.

64.     Moreover, it is clear from the Complaint that the primary and significant Defendant is Pushpin as all of the causes of action and the associated relief sought is all targeted at Pushpin's actions or alleged violations of statutes.

65.     Naming Madoff as a Defendant in this suit (when the asserted causes of action only involve Pushpin) is unlawful joinder.  *R.C. Wegman Const. Co. v. Admiral Ins. Co*., 629 F.3d 724, 726 (7th Cir. 2011) ("[A] party isn't permitted to destroy federal diversity jurisdiction by naming as a defendant someone against whom he does not seek relief.").

66.     Moreover, 28 U.S.C. § 1332(d)(4)(A)(ii) does not apply as Plaintiffs do not seek significant relief from the one Defendant that is a citizens of Illinois, and such Madoff's alleged

conduct does not form any basis, let alone a significant basis, for the claims asserted. *Kurth,* 2:09–CV–108 2009 WL 3346588, (N.D. Ind. Oct. 14, 2009)(concluding that local defendant was not a significant one and denying plaintiff's motion to remand).

67.     The so-called "home-state controversy" exception (28 U.S.C. § 1332(d)(4)(B)) does not apply.  More than two-thirds of the members of the putative class are not citizens of Illinois.

68.     The exceptions contained in 28 U.S.C. § 1332(d)(5) do not apply.  Defendants are not a State, State officials, or other government entity, and the proposed class is more numerous than 100 members.  Complaint, Exhibit A, ¶71.

**E.     Procedural Requirements**

69.     The Circuit Court of Cook County, State of Illinois, Law Division is located in Cook County, which is embraced by the Northern District of Illinois.  Therefore, removal to the Northern District of Illinois, is proper.  28 U.S.C. § 1441(a).

70.     Venue properly lies with this Court pursuant to 28 U.S.C. § 1446(a), as the State Court Suit is presently pending in the Circuit Court of Cook County, State of Illinois, Law Division.

71.     A copy of this Notice of Removal will be filed with the Circuit Court of Cook County, State of Illinois, Law Division and served upon all adverse parties as required by 28 U.S.C. § 1446(d).

72.     A copy of all process, pleadings and orders served by or upon Defendants is attached to this Notice of Removal as Exhibit A as required by 28 U.S.C. § 1446(a).

73.     By this Notice of Removal, Defendants do not admit that Plaintiff's allegations have any merit whatsoever, and expressly reserves the right to challenge all such allegations on any and all grounds available.

74.     The undersigned has read and signed this Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure.

WHEREFORE, Defendants hereby remove the above-entitled civil action from the Circuit Court of Cook County, State of Illinois, Law Division, to the United States District Court for the Northern District of Illinois, Eastern Division.


Dated: October 16, 2013                    Respectfully submitted,


                                           By:   /s/ Christina E. Lutz
                                           Christina E. Lutz (ARDC: 6297074)
                                           LEVENFELD PEARLSTEIN, LLC
                                           2 North LaSalle Street
                                           Suite 1300
                                           Chicago, Illinois 60602

                                           Scott E. Silberfein
                                           *pro hav vice* admission pending
                                           Moses & Singer LLP
                                           405 Lexington Avenue
                                           New York, New York  10174-1299

                                           *Attorneys for Defendants*