# EXHIBIT A

# Part 1

## IN THE CIRCUIT COURT OF COOK COUNTY
## STATE OF ILLINOIS

MICHAEL B. JOHNSON, on behalf )
of himself, and on behalf of )
those similarly situated plaintiffs, )
)
       Plaintiff, )
)
vs. )
)
PUSHPIN HOLDINGS, LLC, )
JAY COHEN, LEONARD MEZEI, )
ARI R. MADOFF,  ALISHA RIOS, )
LOUISA TATBAK, SHAUN )
REDWOOD, )
GCN HOLDING, LLC, and )
CIT FINANCIAL USA, INC., )
)
       Defendants. )

Case No. **2013-L-010173**

2013L010173
CALENDAR/ROOM S
TIME 00:00
Consumer Fraud

**PLAINTIFF DEMANDS TRIAL BY
A JURY ON ALL CLAIMS AND ALL
ISSUES**

### COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff, Michael Johnson, for his Complaint against

Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff,

Alisha Rios, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT

Financial USA, Inc., and states:

### JURY DEMAND

Plaintiff, Michael B. Johnson, demands trial by a jury on all claims and

all issues on which jury trials are permitted.

LAW DIVISION
CLERK OF CIRCUIT COOK
DOROTHY BROWN
2013 SEP 11 PM 3:29
FILED

## COUNT I (VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, BY MICHAEL B. JOHNSON, ON BEHALF OF HIMSELF – AGAINST ALL DEFENDANTS)

1.  Plaintiff, Michael B. Johnson, is a citizen of the State of North Carolina.

2.  Defendant Pushpin Holdings, LLC is a Delaware limited liability company which has not registered with the Illinois Secretary of State to conduct business in Illinois as a foreign company. Its principal place of business is in New York. It is a citizen of the States of Delaware and New York.

3.  Defendant Pushpin Holdings, LLC is a shell entity which does not have any full time employees or place of business. It is the alter ego of Defendants Jay Cohen and Leonard Mezei. Defendants Jay Cohen and Leonard Mezei are also the managing members of Pushpin Holdings, LLC and control its operations.

4.  Defendant Jay Cohen is a citizen and resident of the State of New York. He resides at 9 Sterling Place, Lawrence, New York, 11559. Defendant Jay Cohen is also the managing member of Defendant GCN Holding, LLC and controls its operations. GCN Holdings, LLC, which operates from the same offices as the other shell entities described in ¶¶ 5-7 below, is also the alter ego of Jay Cohen and Leonard Mezei. Jay Cohen also uses the aliases Ari Cohen, Ari P. Cohen, Ari Jay Cohen and Jay P. Cohen, among others.

5.  Defendants Jay Cohen and Leonard Mezei own, operate and control numerous interchangeable alter ego entities which sell equipment leases, finance leases, buy debts, collect debts acquired by purchase and/or

assignment. Jay Cohen and Leonard Mezei operate through the alter egos Pushpin Holdings, LLC, Northern Leasing Systems, Inc., Northern Capital Associates, Inc., Northern Leasing Group V, Inc., Northern Leasing Group XIV, Inc., Northern Leasing Group XIII, Inc., LFG Group, LLC, GCN Holding, LLC, Northern Leasing Group IX, Inc., Northern Leasing Group XX, Inc., Honeydew Holdings, Inc., Amicus Capital Services, LLC, Frontier Funding, Inc., Northern Leasing Group X, Inc., Northern Leasing Group XVII, Inc., Northern Leasing Group XI, Inc., NLS Systems, LLC, Economic Growth Group, Inc., MBF Leasing, LLC, SKS Associates, LLC, First Funds, LLC, Compass USA SPE, Compass Financial Partners, LLC, Compass USA GP, LLC, Economic Growth Group, Economic Group Pension Services, Inc., Greater Metropolitan Corporation, Bibin.Com, LLC, among other alter ego shell entities (hereinafter, collectively, "the Shell Entities"). These alter ego companies also use an address at 333 Seventh Avenue, New York, NY, in addition to the Fourteenth Floor of 132 W. 31st Street, New York, NY.

6. Assets are comingled among the Shell Entities and their different names are maintained only for the purpose of deceiving third parties into believing that they are independent entities. The Shell Entities, including Pushpin Holdings, LLC do not abide by corporate formalities, do not have employees or separate business locations and rely heavily on the use of commercial post office box addresses.

7. The main telephone number for all these entities, including Pushpin Holdings, LLC, is currently 888-271-4480, which is managed by

Northern Leasing System, Inc., greets callers with the phrase "your leasing company" and does not identify a company. Pushpin Holdings, LLC advertises this same telephone number as well as 1 Penn Plaza, Box 6255, New York, New York, 10119 as its business telephone number and business address. On information and belief, One Penn Plaza, Box 6255, is either a commercial or postal service post office box address and not an office location.

8.     GCN Holding, LLC is also the alter ego of Jay Cohen and Leonard Mezei. It operates from the same location as the Shell Entities, including Northern Leasing Systems, Inc., 132 W. 31st Street, 14th Floor, New York, New York.

9.     Defendant Ari R. Madoff is a citizen of the State of Illinois and an attorney licensed to practice law in the State of Illinois. He is an attorney licensed to practice who maintains his office and principal place of business in Cook County, Illinois. He is a resident of Illinois, residing in Cook County or one of the adjoining counties.

10.     Defendant GCN Holding, LLC is a Delaware limited liability company which is registered with the Illinois Secretary of State, to conduct business in the State of Illinois, as a foreign company. It maintains its principal office at 132 West 31st Street, 14th Floor, New York, New York, 10001. It is a citizen and resident of the State of New York. Defendant GCN Holding, LLC is a citizen of the States of Delaware and New York.

11.     Defendant CIT Financial USA, Inc. is a Delaware corporation which is registered with the Illinois Secretary of State to conduct business in Illinois,

as a foreign corporation. Its principal place of business is located in Cook County, Illinois. It is a citizen of the States of Delaware and Illinois.

12. Defendant Alisha Rios is a citizen and resident of either New Jersey or New York. She worked as a part-time employee and/or agent for the Shell Entities, Jay Cohen and Leonard Mezei, falsely claiming to be an executive legal administrator for Pushpin Holdings, LLC and for the other Shell Entities described above, falsely claiming to have personal knowledge of claims and accounts by signing Affidavits and verifications of the amount allegedly due on debts (or alleged debts) purchased by the Defendants, including Pushpin Holdings, LLC. An example of these false affidavits is contained on p. 6 of Exhibits A and D attached.

13. Contrary to p. 6 of Exhibits A and D, Defendant Alisha Rios had no knowledge that any amount was due from Michael B. Johnson to Pushpin Holdings, LLC or to any other party. As an agent for Defendants Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei, Alisha Rios executed numerous affidavits for which she had no personal knowledge and which were not supported by any business records of the entity for which the Affidavits were signed. Alisha Rios executed Affidavits in the same fashion for many of the cases filed by Pushpin Holdings, LLC in Cook County, Illinois, including many of the approximately 1,100 cases described in Exhibit B, and Defendant Luisa Tatbak notarized those Affidavits, in the same fashion, for many of those cases.

14. Defendant Louisa Tatbak is a citizen of the State of New York who at all times herein relevant was a notary public for the State of New York. As an

agent for Defendants Pushpin Holdings, LLC Jay Cohen and Leonard Mezei she notarized false Affidavits signed by Alisha Rios for numerous cases filed by Pushpin Holdings, LLC in Cook County, Illinois, with knowledge that Alisha Rios did not have personal knowledge of the matters claimed in the Affidavits she signed and with knowledge that there were no business records which supported the affidavits signed by Alisha Rios.

15.     Alisha Rios and Louisa Tatbak signed and notarized Affidavits on an assembly line basis for numerous entities owned and/or controlled by Defendants Jay Cohen and Leonard Mezei, including Pushpin Holdings, LLC, with knowledge that Alisha Rios did not have knowledge or business records which supported the Affidavit she was signing.

16.     Defendant Shaun Redwood is an agent for Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei, who works in the offices of Northern Leasing Systems, Inc. and GCN Holdings, LLC, which share the same offices on the 14th Floor at 132 W. 31st Street, New York, New York, 10001-3405. He is not employed by Pushpin Holdings, LLC, but answers the telephone on its behalf at the same telephone number employed by Jay Cohen and Leonard Mezei for all of their Shell Entities, including Pushpin Holdings, LLC, telephone number 888-271-4480. See p. 1 of Exhibit A attached. Shaun Redwood acts as an unlicensed bill collector on behalf of Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei, by attempting to collect debts and alleged debts purchased by Pushpin Holdings, LLC with respect to lawsuits filed, or to be filed in Cook County, Illinois by Pushpin Holdings, LLC.

17.    Pushpin Holdings, LLC is not licensed as a debt collection agency
in the State of Illinois under the Illinois Collection Agency Act, although it is
required to be licensed as a collection agency both with respect to its activities
as a debt buyer and as a debt collector under the Illinois Collection Agency Act,
225 ILCS 425/1, 2, 3, 4, 8.5, 8.6 and 14.

18.    Concord EFS, Inc. is a corporation which operates from its
principal office and place of business at 2525 Horizon Lake Drive, Memphis,
Tennessee.

19.    EFS National Bank is a bank established as a national bank under
the laws of the United States. Its principal office and place of business is at
2525 Horizon Lake Drive, Memphis, Tennessee, the same address as Concord
EFS, Inc.

20.    At all times herein relevant EFS National Bank did not engage in
traditional banking practices. It was established by, and is owned and
controlled by Concord EFS, Inc., which is now owned and controlled by First
Data Corporation of Greenwood Village, Colorado. EFS National Bank was
established to assist Concord EFS, Inc. in its businesses of providing financial
institutions with ATM processing, debit card processing, credit card processing,
equipment and services. In the case at bar it was acting as a vendor for credit
card processing machines on behalf of Concord EFS, Inc.

21.    Prior to 1992 Concord EFS, Inc. (previously known as Concord
Computing Corporation) operated directly and through a subsidiary, Concord
Equipment Sales, Inc., in the business of selling point-of-sale terminal

products and communications equipment, including credit card processing machines to consumers and businesses throughout the United States.

22.    During about 1992 Concord EFS, Inc. formed EFS National Bank, which issued stock. At that point the entity which preceded Concord EFS, Inc. changed its name to Concord EFS, Inc. and became a holding company which owned and/or controlled EFS National Bank.

23.    EFS National Bank limited its activities to supporting Concord EFS, Inc., in its business operations and did not engage in traditional banking activities, such as consumer and commercial lending, deposits, real estate loans, etc.

24.    Prior to 2003, Concord EFS, Inc., EFS National Bank and Defendant CIT Financial USA, Inc. entered into one or more agreements under which Concord EFS, Inc. and EFS National Bank marketed credit card processing machines to consumers and businesses under arrangements known as lease finance agreements.

25.    Under these agreements EFS National Bank identified itself as the vendor for the credit card processing machines and Defendant CIT Financial USA identified itself as the lessor, with the customer identified as the lessee. These lease finance agreements permitted the customers to purchase the credit card processing machine at the end of the lease periods, which normally ran for about forty-five (45) months.

26.    On information and belief the fair market value of the credit card processing machines was less than $300.00. The total lease payments, under the finance lease agreements, were more than $2,250.00 per machine.

27.    The sales representatives marketing the finance leases for the credit card processing machines were employees of Concord EFS, Inc. or entities affiliated with it and acting under its control, and were also the agents of EFS National Bank and Defendant CIT Financial USA, Inc.

28.    The sales representatives marketing the finance leases for the credit card processing machines acted aggressively in marketing the leases, not-infrequently accepting forged leases or leases executed by persons not authorized to sign the leases.  In the case of Michael Johnson, the lease and guaranty agreement bearing his name on p. 7 of Exhibits A and D attached were forged.  Defendant CIT Financial USA, Inc. had knowledge of these aggressive marketing practices of the agents selling the finance leases.

29.    P.s 7 and 8 of Exhibits A and D attached is a typical non-cancellable lease form used by CIT Financial USA, Inc. as the alleged lessor, and EFS National Bank as the alleged vendor for leasing credit processing machines to consumers, customers and small businesses.  The lease form provides, in paragraph 18 on p. 8 of Exhibits A and D, that the lessee may purchase the credit card processing machine at the end of the 45 month lease, which requires monthly payments of $49.00 that can be automatically withdrawn from the lessee's bank account.  See p. 7 of Exhibits A and D.

Johnson vs. Pushpin Holdings, LLC, et al.

30.    Defendant CIT Financial USA, Inc. created the non-cancellable lease form described in ¶¶ 28 29, which established that litigation to enforce the leases could be filed by the Lessor, or its successor, in Cook County, Illinois.

31.    At all times relevant Defendant CIT Financial USA, Inc. knew that it would assign, or attempt to assign, its claims, under the leases described in ¶¶ 28 and 29 and in the small claims Complaints listed on Exhibit B, to debt buying collection agencies such as Jay Cohen, Leonard Mezei and Pushpin Holdings, LLC.

32.    With knowledge that GCN Holding, LLC was not licensed or registered as a debt collection agency in the State of Illinois, and with knowledge that Defendant GCN Holding, LLC or its successor would enforce the lease obligations in Cook County, Illinois, Defendant CIT Financial USA, Inc. assigned, or attempted to assign its rights under the lease agreements to GCN Holding, Inc. on about November 30, 2005.  See p. 11 of Exhibits A and D attached.

33.    At the time of the alleged assignment, November 30, 2005, Defendant CIT Financial USA, Inc. knew that GCN Holding, LLC was not licensed or registered to collect debts in the State of Illinois under the Illinois Collection Agency Act and knew that GCN Holding, LLC was owned and/or controlled by Jay Cohen and Leonard Mezei, and knew or should have known that they would attempt to collect debts from the Defendants in the lawsuits described on Exhibit B in violation of the Illinois Collection Agency Act.

Johnson vs. Pushpin Holdings, LLC, et al.

34.     The non-cancellable leases, on the forms set forth on pp. 7 and 8
of Exhibits A and D, are governed by the four-year statute of limitations in
Illinois, 810 ILCS 5/2-725 because the predominant purpose of the lease-to-
purchase agreement is a transaction in goods involving the lease-to-purchase
of credit processing machines and are also governed by the four-year statute of
limitations in 810 ILCS 5/2A-506, because the predominant purpose of the
lease-to-purchase agreement is a finance lease as defined by 810 ILCS 5/2A-
103(g). The four-year period of limitations under both statutes applies to the
guaranty provision incorporated within the lease-to-purchase form as well as
the obligations of the lessee.

35.     On about December 26, 2012, Defendant Ari R. Madoff wrote to
Plaintiff Michael B. Johnson demanding payment, on behalf of Pushpin
Holdings, LLC, in the amount of $3,300.72 while directing Plaintiff to telephone
Defendant Shaun Redwood who was allegedly in Pushpin Holdings, LLC's legal
collections department. See Exhibit A attached. The December 26, 2012 letter
attached draft copies of a proposed verified complaint by Pushpin Holdings,
LLC against Michael B. Johnson, attaching the alleged affidavit of Alisha Rios,
allegedly the executive legal administrator for "the Plaintiff herein" and an
alleged non-cancellable lease, in addition to an alleged assignment of the lease
from Defendant CIT Financial USA, Inc. to Defendant GCN Holding, LLC and
an alleged re-assignment of the lease from GCN Holding, LLC to Pushpin
Holdings, LLC, as set forth on pp. 9-11 of Exhibit A attached.

36.    The two alleged assignments do not identify a lease or an account of either Michael B. Johnson or S.E. Underground Utilities Contract, Inc. and the alleged assignment from CIT Financial USA, Inc. (p. 11 of Exhibits A and D) specifically provide that CIT Financial USA, Inc. does not assign legal title of any asset that is identified in Schedule 8.7 of the asset purchase agreement, to GCN Holding, LLC. See p. 11 of Exhibits A and D. The alleged asset purchase agreement was not attached to either Exhibit A or Exhibit D.

37.    The two alleged assignments are invalid and do not assign to Pushpin Holdings, LLC any rights or claims or CIT Financial USA, Inc. against Michael B. Johnson.

38.    Upon receipt of Exhibit A from Defendant Ari R. Madoff, Plaintiff Michael Johnson retained an attorney in North Carolina, Don Bumgardner. On January 18, 2013, Donald H. Bumgardner, on behalf of Plaintiff, wrote to Ari R. Madoff, responding to his letter of December 26, 2012 and the draft of the proposed lawsuit, advising Mr. Madoff that Michael B. Johnson did not sign the alleged equipment lease, either as guarantor or on behalf of the alleged lessee, S.E. Underground Utilities Contract, Inc. Don Bumgardner attached a copy of Michael Johnson's signature on his driver's license. A copy of Don Bumgardner's letter of January 18, 2013 and the attached copy of Plaintiff's driver's license is attached hereto as Exhibit C, in two pages and incorporated herein by reference.

39.    Ari R. Madoff did not respond to Don Bumgardner's letter of January 18, 2013.

40.     At all times relevant, Defendant Ari R. Madoff knew that the approximately 1,100 small claims Complaints he was filing on behalf of Pushpin Holdings, LLC were filed by a Plaintiff which was required to be licensed and registered as a collection agency in the State of Illinois, that Pushpin Holdings, LLC was not licensed or registered as a debt collection agency under the Illinois Collection Agency Act, that the claims in the approximately 1,100 lawsuits, including the current small claims Complaint against Michael B. Johnson, were barred by the four-year statutes of limitations under Article 2 and Article 2A of the Illinois Uniform Commercial Code, as described more specifically above, knew that many of the leases and guaranties had been forged or signed by persons who were not authorized to sign them, knew that the Affidavits attached to the approximately 1,100 small claims Complaints were signed and notarized in an assembly line fashion by persons such as Defendants Alisha Rios and Louisa Tatbak, who had no personal knowledge or business records of Pushpin Holdings, LLC to support the Affidavits; with this knowledge Ari R. Madoff proceeded to file and prosecute the case against Michael B. Johnson and the approximately 1,100 other small claims Complaints described in Exhibit B.

41.     Plaintiff, Michael B. Johnson, did not sign the alleged lease agreement, either on behalf of the alleged lessee S.E. Underground Utilities Contract, Inc., or as a guarantor. See p. 7 of Exhibits A & D. The purported signature of Michael Johnson on behalf of the alleged lessee and as the alleged guarantor on the first p. of the alleged equipment lease is not the signature of

Michael B. Johnson and was not placed there by anyone else on his behalf or with his authority. Those signatures are forged.

42. On about June 21, 2013 Defendant Ari R. Madoff as attorney for Defendant Pushpin Holdings, LLC filed an alleged verified complaint in the Circuit Court of Cook County, Illinois, Municipal Department, against Plaintiff Michael B. Johnson, Case No. 13-M1-137047. A copy of the small claims summons and the complaint are attached hereto as Exhibit D and incorporated herein by reference.

43. On about August 23, 2013 Plaintiff retained David M. Duree, an attorney in Illinois, to represent him in the case filed by Pushpin Holdings, LLC.

44. On August 29, 2013 Plaintiff's Illinois attorney filed a limited and special entry of appearance in the Cook County case filed by Pushpin Holdings, LLC. A "filed" stamped copy is attached as Exhibit E in two pages.

45. On August 29, 2013 Plaintiff's Illinois attorney also filed a special entry of appearance and verified motion to vacate the default judgment in the Cook County case filed by Pushpin Holdings, LLC. Copies of that pleading and the attached affidavits of Michael Johnson and his wife Martha Johnson are attached hereto as Exhibit F, in thirteen pages, and incorporated herein by reference.

46. As set forth in Exhibit F, Michael B. Johnson was not served with the summons and complaint in the case filed by Pushpin Holdings, LLC in

Cook County, Illinois. There is no company named S.E. Underground Utilities
Contract, Inc. See paragraph 8 on p. 7 of Exhibit F.

47. On about August 21, 2013 Defendant Ari R. Madoff obtained a
default judgment in favor of Pushpin Holdings, LLC and against Plaintiff
Michael B. Johnson in the case filed by Pushpin Holdings, LLC in Cook
County, Illinois. A copy of the default judgment was then mailed to Plaintiff
Michael B. Johnson who received it on about August 30, 2013. A copy, in two
p.s, is attached as Exhibit G and incorporated herein by reference.

48. Pushpin Holdings, LLC is a Delaware limited liability company
which is not registered with the Illinois Secretary of State as a foreign
company, as required to transact business in Illinois by 805 ILCS 5/13.70. By
filing approximately 1,100 small claims collection lawsuits, as a debt buyer, in
Cook County, Illinois within the past three years, Pushpin Holdings, LLC has
been engaging in the debt collection business within Cook County, Illinois in
violation of 805 ILCS 5/13.70.

49. Defendants Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei,
directly and through their agents, have engaged in debt collection activities in
Illinois without being registered as debt collection agencies in violation of the
Illinois Collection Agency Act, 225 ILCS 425/1, 1(a), 2, 3, 4, 8.5, 8.6 and 14, as
debt buyers and as debt collectors, by threatening suit against the Plaintiff,
then by filing suit against the Plaintiff in Cook County, Illinois.

50. The standard non-cancellable lease forms employed by Defendant
CIT Financial USA, Inc. include a provision that the courts in Cook County,

Illinois shall have jurisdiction and venue for the determination of all controversies and disputes arising under the non-cancellable leases and personal guaranties. See p. 7 of Exhibits A and D attached.

51.    Relying on the choice of venue clause, establishing Cook County, Illinois as the venue for leases and alleged leases signed, and allegedly signed, by Lessees and Guarantors throughout the United States, Pushpin Holdings, LLC has filed about 1,100 small claims cases of the type described in Exhibits A and D attached, in Cook County, Illinois within the past three years. A partial list of those cases is set forth in Exhibit B, in 44 pages, attached hereto and incorporated herein by reference.

52.    Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff, Alisha Rios, Louisa Tatbak, Shaun Redwood and GCN Holding, LLC, knew that the approximately 1,100 small claims lawsuits filed in Cook County, Illinois were filed and prosecuted by an unlicensed debt collection agency in violation of the Illinois Collection Agency Act which, under Sections 4 and 14 of the Act, 225 ILCS 425/4 and 14, constitute about 1,100 Class A misdemeanors, knew that the supporting Affidavits were prepared and signed in an assembly basis by persons such as Defendants Alisha Rios and Louisa Tatbak, who had no personal knowledge of the claims and no business records to support the claims, and knew that the small claims debt collection lawsuits against Michael Johnson and the other approximately 1,100 Defendants were barred by the four-year statutes of limitations in Illinois; but in spite of this knowledge, proceeded, while acting in concert, to file an prosecute the

approximately 1,100 small claims Complaints described in Exhibit B, including the small claims Complaint against Michael B. Johnson.

53. . Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff, Alisha Rios, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT Financial USA, Inc., acting in concert, violated the Illinois Consumer Fraud and Deceptive Business Practices Act by employment of the above-described unfair and/or deceptive acts or practices through the employment and use of deception, fraud, false pretenses, false promises, misrepresentations, concealments, suppressions and/or omissions of material facts with the intent that Plaintiff and others rely on such concealments, suppressions, false representation, and/or omissions by falsely representing to a plaintiff and to the other Lessees and Guarantors who have been sued in the cases described in Exhibit B attached, by concealing the fact that Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei are not licensed to buy and collect debts in Illinois or to act as a debt collection agency within the State of Illinois, by concealing the fact that the claims in the cases described on Exhibit B are barred by the four year statute of limitations, by concealing the fact that the threatened litigation of the type described in Exhibit A is barred by the Illinois Collection Agency Act and the two four year statutes of limitations in Illinois, while using the threat of litigation to demand, and sometimes obtain, payment, by concealing the fact that Pushpin Holdings, LLC is not registered as a foreign company authorized to do business in Illinois, and therefore is not authorized to file and prosecute lawsuits in Illinois, while falsely representing

Johnson vs. Pushpin Holdings, LLC, et al.

the claims of CIT Financial USA, Inc., have been legally assigned first to GCH Holding, LLC and then, allegedly, from it to Pushpin Holdings, LLC; by concealing the fact that Pushpin Holdings LLC is nothing more than a Shell Entity and alter ego for Jay Cohen and Leonard Mezei; by falsely representing that the parties signing the affidavits, such as Defendant Alisha Rios have personal knowledge of the claims and knowledge of business records of Pushpin Holdings, LLC, by concealing the fact that the Affidavits and the notarization of the Affidavits attached to the lawsuits described in Exhibit B are signed by persons such as Alisha Rios, with no personal knowledge or business records on which to base the Affidavits which are then notarized by persons like Louisa Tatbak on an assembly line basis for multiple Shell Entities, including but not limited to Pushpin Holdings, LLC; all in violation of 815 ILCS § 505/2.

54.     Defendants, and each of them, acting in concert, were at all times herein relevant engaged in the conduct of trade and/or commerce within the State of Illinois as defined by 815 ILCS § 505/2 by engaging in the business of buying and collecting debts within the State of Illinois. Plaintiff, at all times herein relevant, was one of the subjects of those debt collecting activities within the State of Illinois, as described above and as defined by 815 ILCS § 505/2.

55.     The Illinois Consumer Fraud Act applies to Plaintiff's claims, and to the claims of the Defendants in the approximately 1,100 cases described in Exhibit B, because the circumstances that relate to the disputed transactions occurred primarily and substantially in Illinois where Plaintiff has been

subjected to a small claims lawsuit in Cook County, Illinois, after Plaintiff was initially threatened with litigation in Cook County, Illinois unless he paid about $3,300.00 to Pushpin Holdings, LLC.

56.    As a result of the violations of the Consumer Fraud and Deceptive Business Act, described above, by each of the Defendants, acting in concert, Plaintiff sustained the following damages:

(a)    A default judgment in the case filed by Pushpin Holdings, LLC in the amount of $3,660.29;

(b)    Attorney's fees incurred in responding to the Defendants' December 26, 2012 letter threatening litigation, in the sum of about $250.00;

(c)    Lost wages incurred in responding to the December 26, 2012 threatening letter, and to the small claims lawsuit, in the sum of $300.00.

57.    As a result of the violations of the Consumer Fraud and Deceptive Business Practices Act described above, by all Defendants, acting in concert, Plaintiff has incurred, and will incur, attorney's fees in a sum of $5,000.00 in defending the small claims lawsuit filed by Pushpin Holdings, LLC (Exhibit D) and has incurred and will incur additionally attorney's fees in a sum in excess of $25,000.00 in prosecuting this Complaint, which Plaintiff is entitled to recover from all Defendant, jointly and severally, pursuant to 815 ILCS § 505/10(a).

58.    The conduct of the Defendants, and each of them, was outrageous, willful, wanton and malicious warranting an award of punitive damages in

Johnson vs. Pushpin Holdings, LLC, et al.

favor of the Plaintiff and against the Defendants, jointly and severally, in the sum $30,000.00.

WHEREFORE, under Count I, Plaintiff Michael Johnson, on his own behalf prays for judgment jointly and severally against Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff, Alisha Rios, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT Financial USA, Inc. in the sum of FOUR THOUSAND FOUR HUNDRED TEN DOLLARS AND 29/100 ($4,410.29) for compensatory damages plus attorneys' fees in the sum of $30,000.00 for attorneys' in defending the small claims complaint of Pushpin Holdings, LLC and in prosecuting the current case plus punitive damages in the sum of THIRTY THOUSAND DOLLARS AND 00/100 ($30,000.00), plus court costs.

## COUNT II (ABUSE OF PROCESS, BY MICHAEL B. JOHNSON ON BEHALF OF HIMSELF – AGAINST ALL DEFENDANTS)

59.    Plaintiff realleges and incorporates herein by reference paragraphs 1 through 58 as fully set forth in Count I above.

60.    The use of the summons and small claims complaint against Plaintiff, set forth in Exhibit D, was a use of process not proper in the regular prosecution of proceedings because the complaint and summons filed on behalf of Plaintiffs Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei were filed and prosecuted in violation of the Illinois Collection Agency Act, 225 ILCS 425/1 et seq. by unlicensed debt collectors and debt buyers who were not registered by the Collection Agency Act who were not registered or licensed as the Illinois Agency Act, which violations constitute Class A misdemeanors as

provided in 225 ILCS 425/14. Section 4 of the Act required Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei to register as collection agencies within the State of Illinois before collecting debts there. Section1a of the Act declares that the public policy of the State of Illinois requires collection agencies to be licensed and regulated because their practices affect the public health, safety and welfare and are subject to regulation and control in the public interest.

61.     The threat to prosecute the small claim complaint (Exhibit A) and the small claims summons and complaint that were filed (Exhibit D) were filed for the ulterior purpose of coercing Plaintiff to pay monies that were not due and which could not be collected for multiple reasons including the fact that all such claims were barred by the four-year statutes of limitations for transactions involving goods and transactions involving finance leases, because Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei were not licensed and registered as collection agencies under the Illinois Collection Agency Act and because, in the case of Michal Johnson, his signature on the alleged lease and guaranty were forged.

WHEREFORE, under Count II, Plaintiff prays for judgment against Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff, Alisha Rios, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT Financial USA, Inc., jointly and severally, in the sum of FOUR THOUSAND TWO HUNDRED TEN DOLLARS AND 29/100 ($4,210.29) for compensatory damages plus FIVE THOUSAND DOLLARS AND 00/100 ($5,000,00) for attorneys' fees in defending the small claims lawsuit plus punitive damages in

the sum of THIRTY THOUSAND DOLLARS AND 00/100 ($30,000.00), plus
court costs.

## COUNT III  (MALICIOUS PROSECUTION, BY MICHAEL B. JOHNSON, ON BEHALF OF HIMSELF – AGAINST ALL DEFENDANTS)

62.    Plaintiff realleges and incorporates herein by reference paragraphs
1-58 as fully set forth in Count I above.

63.  Plaintiff realleges and incorporates herein by reference paragraphs
60-61 as fully set forth in Count II above.

64.    Plaintiff sustained special injury from the prosecution of the small
claims complaint against him because he was required to travel from North
Carolina to defend a small claims case in Illinois which was without merit and
because the Defendants, acting in concert have filed about 1,100 similar small
claims cases in Cook County, Illinois within the past three years.  The
Defendants in the approximately 1,100 cases described in Exhibit B also
suffered special injury in the same fashion.

65.    Defendants Pushpin Holdings, LLC, Jay Cohen and Leonard Mezei
lacked probable cause for threatening, filing and prosecuting the small claims
case against Michael Johnson and for threatening, filing and prosecuting the
small claims case against the other alleged lessees and guarantors in the
approximately 1,100 small claims lawsuits filed in the name of Pushpin
Holdings, LLC in Cook County, Illinois within the last three years, as described
in Exhibit B attached.

66.    The Defendants, and each of them, acting in concert, acted maliciously, willfully, and wantonly in threatening, filing and prosecuting the small claims case (Exhibit D) against the Plaintiff.

67.    The 1,100 small claims cases described in Exhibit B have terminated in favor of the respective Defendants in those cases, including Michael B. Johnson, because any judgments entered in the case against Michael Johnson and in the other, approximately 1,100 small claims cases are void because they were obtained by an unlicensed and unregistered debt collection agency and debt buyer governed by the Illinois Collection Agency Act.

68.    The Plaintiff, and the Defendants in the other small claims lawsuits described in Exhibit B have sustained damages in that default judgments have been entered against some of them, including Michael B. Johnson, some of them, including Michael B. Johnson, have been required to obtain attorneys to vacate the default judgments and the Defendants, acting in concert, have recovered money through threats and default judgments against some of the other Defendants in the approximately 1,100 small claims lawsuits described in Exhibit B.

WHEREFORE, under Count III, Plaintiff, Michael B. Johnson prays for judgment against Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff, Alisha Rios, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT Financial USA, Inc., jointly and severally, in the sum of FOUR THOUSAND TWO HUNDRED TEN DOLLARS AND 29/100 ($4,210.29) for compensatory damages plus FIVE THOUSAND DOLLARS AND 00/100

($5,000,00) for attorneys' fees in defending the small claims lawsuit plus punitive damages in the sum of THIRTY THOUSAND DOLLARS AND 00/100 ($30,000.00), plus court costs.

### COUNT IV (VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT, AS A CLASS ACTION, BY MICHAEL B. JOHNSON, OM BEHALF OF ALL THOSE SIMILARLY SITUATED PLAINTIFFS – AGAINST ALL DEFENDANTS)

69.     Plaintiff realleges and incorporates herein by reference paragraphs 1-58 as fully set forth in Count I above.

70.     Plaintiff, Michael B. Johnson brings this action as a class action on behalf of himself and on behalf of all Defendants, both as lessees and as guarantors in all small claims lawsuits filed by Pushpin Holdings, LLC in Cook County, Illinois, including but not limited to the approximately 1,100 lawsuits described in Exhibit B, in which Pushpin Holdings, LLC alleged claims for violations of credit card processing machine leases and incorporated guaranty agreements.

71.     The approximate size of the class consists of the approximately 1,100 Defendants in the lawsuits described in Exhibit B plus any Defendants in similar small claims cases filed by Pushpin Holdings, LLC in Cook County, Illinois within the past three years.

72.     There are common questions of fact and law including (a) whether any judgments obtained in the small claims lawsuits are void; (b) whether the Defendants violated The Illinois Collection Agency Act; (c) whether the claims of Pushpin Holdings, LLC are barred by the two Illinois four year statutes of limitations; (d) whether Pushpin Holdings, LLC was required to register as a

Johnson vs. Pushpin Holdings, LLC, et al.

foreign company in Illinois before prosecuting the approximately 1,100 small claims lawsuits, among other common questions of fact and law.

73.     The Plaintiff's claims are typical of the claims brought on behalf of the class.

74.     Plaintiff will represent the interest of the class members fairly and adequately because Plaintiff is a member of the class he seeks to represent and his interests do not conflict with those of any other members of the class, and Plaintiff has retained competent counsel experienced in prosecuting cases of this type.

75.     Pursuant to the class action claims in Counts IV through VI, any judgments entered against any of the Defendants in the approximately 1,100 small claims lawsuits described in Exhibit B should be vacated as void.

76.     Class certification is superior to any alternative methods for fair and efficient adjudication of this controversy in that it is uneconomical for the individual Defendants in the 1,100 small claims lawsuits to litigate those claims in Cook County, Illinois.

77.     Prosecution of Counts IV through VI as a class action will avoid repetitious litigation.

78.     On information and belief, the total dollar value of all the default judgments, and any other judgments obtained by Pushpin Holdings, LLC in the approximately 1,100 small claims lawsuits described in Exhibit B is less than $1,200,000.00.

Johnson vs. Pushpin Holdings, LLC, et al.

79. On information and belief, the total amount of funds collected by the Defendants, jointly and severally, with respect to the approximate 1,100 small claims lawsuits described in Exhibit B is less than $600,000.00.

80. Collectively, the class members seek no more than $1,100,000.00 in compensatory damages and $2,000,000.00 in punitive damages.

81. The class members will incur attorney's fees of no more than $400,000.00 in prosecuting the class action counts.

82. The total amount of compensatory damages plus punitive damages plus attorney's fees requested on behalf of all class members is no more than $3,500,000.00.

WHEREFORE, under Count IV, Plaintiff prays for the following relief:

(A) That the Court determine that Counts IV through VI should proceed as a class action with Michael Johnson as the class representative and David M. Duree as the attorney for the class and that the class, which includes all Defendants in the approximately 1,100 small claims lawsuits described on Exhibit B, and that the Court direct that reasonable notice of this action be given to the members of the class;

(B) That the Court determine that Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff, Alisha Rios, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT Financial USA, Inc., jointly and severally, violated the Illinois Consumer Fraud and Deceptive Business Practices Act, causing damages to the class members;

(C)     That the Court determine that that Plaintiff and each member of the class have sustained damages, and enter judgment in favor of the Plaintiff and each class member for the damages sustained;

(D)     That the Court award the Plaintiff and other members of the class their costs of this lawsuit including the reasonable attorney's fees incurred in prosecuting Counts IV through VI;

(E)     That the Court grant the Plaintiff and each class member such other, further and different relief as the nature of the case may require or as may seem just and proper to the Court.

### COUNT V.  (ABUSE OF PROCESS, BY PLAINTIFF, MICHAEL B. JOHNSON, ON BEHALF OF HIMSELF AND ON BEHALF OF OTHER PARTIES SIMILARLY SITUATED, AS A CLASS ACTION, AGAINST ALL DEFENDANTS)

83.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-58, as fully set forth in Count I above.

84.     Plaintiff realleges and incorporates herein by reference ¶¶ 60-61, as fully set forth in Count II above.

85.     Plaintiff realleges and incorporates herein by reference ¶¶ 70-82, as fully set forth in Count IV above.

WHEREFORE, under Count V, Plaintiff prays for the following relief:

(A)     That the Court determine that Counts IV through VI should proceed as a class action with Michael Johnson as the class representative and David M. Duree as the attorney for the class and that the class, which includes all Defendants in the approximately 1,100 small claims lawsuits described on

Exhibit B, and that the Court direct that reasonable notice of this action be given to the members of the class;

(B)     That the Court determine that Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff, Alisha Rios, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT Financial USA, Inc., jointly and severally, abused process, causing damages to the class members;

(C)     That the Court determine that that Plaintiff and each member of the class have sustained damages, and enter judgment in favor of the Plaintiff and each class member for the damages sustained;

(D)     That the Court award the Plaintiff and other members of the class their costs of this lawsuit including the reasonable attorney's fees incurred in prosecuting Counts IV through VI;

(E)     That the Court grant the Plaintiff and each class member such other, further and different relief as the nature of the case may require or as may seem just and proper to the Court.

## COUNT VI (MALICIOUS PROSECUTION BY PLAINTIFF, MICHAEL B. JOHNSON, ON BEHALF OF HIMSELF AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, AS A CLASS ACTION, AGAINST ALL DEFENDANTS)

86.     Plaintiff realleges and incorporates herein by reference ¶¶ 1-58, as fully set forth in Count I above.

87.     Plaintiff realleges and incorporates herein by reference ¶¶ 64-68, as fully set forth in Count III above.

88.     Plaintiff realleges and incorporates herein by reference ¶¶ 70-82, as fully set forth in Count IV above.

Johnson vs. Pushpin Holdings, LLC, et al.

WHEREFORE, under Count V, Plaintiff prays for the following relief:

(A)     That the Court determine that Counts IV through VI should proceed as a class action with Michael Johnson as the class representative and David M. Duree as the attorney for the class and that the class, which includes all Defendants in the approximately 1,100 small claims lawsuits described on Exhibit B, and that the Court direct that reasonable notice of this action be given to the members of the class;

(B)     That the Court determine that Defendants, Pushpin Holdings, LLC, Jay Cohen, Leonard Mezei, Ari R. Madoff, Alisha Rios, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT Financial USA, Inc., jointly and severally, maliciously prosecuted Michael B. Johnson and the approximately 1,100 cases described in Exhibit B and all similar cases;

(C)     That the Court determine that that Plaintiff and each member of the class have sustained damages, and enter judgment in favor of the Plaintiff and each class member for the damages sustained;

(D)     That the Court award the Plaintiff and other members of the class their costs of this lawsuit including the reasonable attorney's fees incurred in prosecuting Counts IV through VI;

(E)     That the Court grant the Plaintiff and each class member such other, further and different relief as the nature of the case may require or as may seem just and proper to the Court.

David M. Duree, ARDC 0697087
Cook County Bar No. 13846
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel:   618-628-0186
Fax:  618-628-0259
Email: law@dmduree.net

*Attorney for Plaintiff, Michael B. Johnson
And all Class Members*