**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL B. JOHNSON, )<br>on behalf of himself and on behalf )<br>of those similarly situated. )<br>)<br>    Plaintiffs, )<br>)<br>vs. )<br>)<br>)<br>PUSHPIN HOLDINGS, LLC, JAY )<br>COHEN, LEONARD MEZEI, ARI R. )<br>MADOFF, ALISHA ROSS, LOUISA )<br>TATBAK, SHAUN REDWOOD, GCN )<br>HOLDING, LLC, and CIT )<br>FINANCIAL USA, INC., )<br>)<br>    Defendants. ) | Case No. 2013-cv-7468<br><br>Honorable Judge Charles P. Kocoras<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFFS' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO REMAND**

COME NOW Plaintiffs, Michael B. Johnson, on behalf of himself and on behalf of those similarly situated, and submit the following Memorandum of Law in Support of the Motion to Remand:

### I. REMOVAL JURISDICTION IS LIMITED TO CLAIMS COVERED BY THE CLASS ACTION FAIRNESS ACT OF 2005

All six counts of the Complaint seek monetary damages against Defendant Ari R. Madoff, a citizen and resident of the State of Illinois. Any claim for removal jurisdiction must be based on the Class Action Fairness Act of 2005. The case could not be removed under general removal authority. See 28 U.S.C. § 1441(b)(2) which provides that a civil action otherwise removable on diversity of citizenship grounds "may not be removed if any of the parties in

interest properly joined and served as Defendants is a citizen of the state in which such action is brought".

This case was also not removable on Federal question grounds. See 28 U.S.C. § 1331.

Ari R. Madoff was not improperly joined. The Plaintiffs seek to recover monetary damages from him.

## II. THE DEFENDANTS HAVE FAILED TO MEET THEIR BURDEN OF ESTABLISHING, BY A PREPONDERANCE OF THE EVIDENCE, THAT THE AMOUNT IN CONTROVERSY EXCEEDS $5,000,000.00

The Plaintiffs have alleged that the amount in controversy does not exceed $3,500,000.00. As a result, the Defendants have the burden of proving by preponderance of the evidence that the amount in controversy exceeds $5,000,000.00. Blomberg vs. Service Corporation International, 639 F.3d 761, 763 (7th Cir. 2011).

The Defendants may not include claims which are inextricably intertwined with the review of State Court Judgments to establish the amount in controversy because the Federal Courts (excepting the United States Supreme Court) lack original jurisdiction to review State Court Judgments, under the Rooker-Feldman Doctrine. Berquist vs. Mann Bracken, LLP, 592 F.3d 816, 818 (7th Cir. 2010); Cain vs. Deutsche Bank Aktiengesellschaft, 2013 WL 3854250 (N.D. Ill. 2013). See the July 24, 2013 Amended Memorandum Opinion and Order entered by Judge James B. Zagel in Northern District Case No. 12 C 10194 at * pp. 2-4 of the West Law citation.

The Defendants have failed to identify which claims and cases are beyond this Court's jurisdiction under the Rooker-Feldman Doctrine. Many of the putative class action claims involve review of existing State Court Judgments.

Those Judgments can be vacated, as void, under the Illinois Collection Agency Act, if the Act applies because Pushpin Holdings, LLC is not licensed or registered under the Collection Agency Act. See <u>LVNV Funding, LLC vs. Trice</u>, 2011 IL App (1st) 092773, 952 N.E.2d 1232, 1236, 352 Ill. Dec. 6, 10 (1st Dist. 2011), PLA Denied on November 30, 2011, 962 N.E.2d 483 (Table No. 112834). See also the Illinois Collection Agency Act, 225 ILCS 425/1 et seq.

Motions to vacate a Judgment as void may be filed at any time. It is not necessary to meet the requirements of 735 ILCS 5/1401. <u>Sarkissian vs. Chicago Board of Education</u>, 201 Ill.2d 95, 104, 776 N.E.2d 195, 201-202 (2002).

Accordingly, the Defendants in the Cook County small claims cases can vacate the Judgments because they were obtained in violation of the Illinois Collection Agency Act, in State Court. The lower Federal Courts, however, lack original jurisdiction to review those State Court Judgments under the Rooker-Feldman Doctrine. Those cases may not be used to determine "the amount in controversy". <u>Berquist vs. Mann Bracken, LLP</u>, 592 F.3d 816, 818 (7th Cir. 2010); <u>Cain vs. Deutsche Bank Aktiengesellschaft</u>, 2013 WL 3854250 (N.D. Ill. 2013).

The Defendants have failed to establish that the amount in controversy exceeds $5,000,000.00 for other reasons, as well. They rely on the total face value of any claims that could be asserted on the basis of the stale, degraded, debts that GCN Holding, LLC allegedly purchased from CIT Financial USA, Inc. in November 2005 and allegedly re-sold to Pushpin Holdings, LLC in March 2010. For "amount in controversy" purposes, those alleged purchased and re-sold stale debts have little value (especially after deleting the ones for which Federal jurisdiction is lacking under the Rooker-Feldman Doctrine).

In the event the Court accepts, arguendo, the Defendants' method for establishing the amount in controversy (the face value of any small claims cases that have been filed, or which might be filed in the future), the Defendants have failed to disclose the amount of consideration paid for these stale, degraded debts in November 2005 and allegedly re-sold in March 2010.

Plaintiffs have suggested that the consideration would have been no more than $100,000.00 on each occasion. To establish that the "amount in controversy" with respect to those purchased and re-sold debts equals $2,600,000.00, the Defendants are required to establish, by a preponderance of the evidence, that they could reasonably claim that amount from the guarantors of the purchased leases. That would result in a hoped for gross profit margin of 2,600 percent. The face amount of such claims does not reasonably provide proof by a preponderance of the evidence that "the amount in controversy" with respect to the compensatory damage part of the class action claims exceeds $2,600,000.00.

It is not reasonable to conclude that the amount in controversy, based on the Defendants' theory, equals $2,600,000.00 for actual damages. Plaintiffs allege that their claim for punitive damages will not exceed $2,000,000.00 and their claim for attorneys' fees will not exceed $400,000.00, requiring the Defendants to establish that there is a legitimate additional amount in controversy of $2,600,000.00 with respect to their viable claims against the guarantors of the credit card cashing machine leases, and that the class action case could prevent them from recovering as much as $2,600,000.00.

The amount in controversy with respect to the Defendants' viable claims against the guarantors must be degraded for multiple reasons. If the viable "amount in controversy" for those claims were anywhere near $2,600,000.00, GCN Holding, LLC would have paid substantially more than $100,000.00 to purchase those claims in November 2005 and Pushpin Holdings, LLC would have paid substantially more than $100,000.00 to re-purchase the same stale claims in March 2010. Other reasons for degrading the "amount in controversy" with respect to these claims are set forth below.

Defendants have not met their burden of proof for removal purposes.

### III. THE DEFENDANTS' CLAIMS BASED ON THE EQUIPMENT LEASE GUARANTIES ARE SUBSTANTIALLY DEGRADED FOR "AMOUNT IN CONTROVERSY" PURPOSES BECAUSE ILLINOIS LAW BARS A CREDITOR FROM RECOVERING FROM A GUARANTOR IF IT IS BARRED FROM RECOVERING FROM THE PRINCIPAL DEBTOR

The Defendants have failed to identify which claims against the lease guarantors are barred because Pushpin Holdings, LLC is barred from recovering from the lessee because it is a dissolved corporation, or because

he/she is deceased (disregarding for the moment claims against the lessees that are barred by the four-year statutes of limitations).

In the case of Michael Johnson, the alleged lessee (misidentified in the lease) is a corporation which was dissolved in 2005. Because of statute of limitation purposes, Pushpin Holdings, LLC has made no attempt to sue the equipment lessees on the basis of the leases. Those claims are clearly barred by the UCC statutes of limitations for the purchase of goods and for finance leases. 810 ILCS 5/2-725 and 810 ILCS 5/2A-506.

The lease-guaranty agreements provide that Illinois law applies. Under Illinois law "the liability of a guarantor is limited by and is no greater than that of the principal debtor and***If no recovery could be had against the principal debtor, the guarantor would also be absolved of liability." Riley Acquisitions, Inc. vs. Drexler, 408 Ill.App.3d 397, 400-401, 946 N.E.2d 957, 963 (1st Dist. 2011); Edens Plaza Bank vs. Demos, 277 Ill.App.3d 201, 209, 213, 660 N.E.2d 1 (Ill.App. 1995); Hensler vs. Busey Bank, 231 Ill.App.3d 920, 927, 596 N.E.2d 1269 (Ill.App. 1992).

This is one of the reasons that GCN Holding, LLC (November 2005) and Pushpin Holdings, LLC (March 2010) more than likely paid less than $100,000.00 to purchase these stale, degraded debts. For "amount in controversy" purposes, the viable claims that were purchased in this fashion are not worth anywhere near $2,600,000.00.

**IV. THE DEFENDANTS' CLAIMS BASED ON THE EQUIPMENT LEASE GUARANTIES ARE SUBSTANTIALLY DEGRADED FOR "AMOUNT IN CONTROVERSY" PURPOSES BECAUSE THEY ARE BARRED BY THE ILLINOIS FOUR-YEAR STATUTES OF LIMITATIONS UNDER THE UCC**

Claims against the lessees under the credit card cashing machine leases are barred by the four-year UCC statutes of limitations in Illinois for the purchase of goods and for finance leases. 810 ILCS 5/2-725 and 810 ILCS 5/2A-506.

The same four-year statutes of limitations apply to the incorporated guaranty agreements. See Belleville Toyota, Inc. vs. Toyota Motor Sales U.S.A., Inc., et al., 199 Ill.2d 325, 352, 770 N.E.2d 177, 194-195 (Ill. 2002) where the Illinois Supreme Court applied the "predominate purpose" test and ruled that the Illinois UCC four-year statute of limitations applied to an automobile dealership contract because the predominate purpose of the dealership contract was to purchase and re-sell automobiles.

The predominate purpose of the combined credit card cashing machine leases and guaranty agreements was to rent-to-purchase the machines and to finance the lease. Agreements to lease to sell goods and to finance the leases are both covered by the Illinois UCC four-year statutes of limitations.

But see Armbrister vs. Pushpin Holdings, LLC, 896 F.Supp.2d 746, 755 (N.D. Ill. 2012) where Judge Bucklo stated: "Plaintiffs have not presented any cases where the statute of limitations for leases under 810 ILCS § 5/2A-506 has been applied to a breach of a guaranty related to the lease, and I have not found any" while ruling that the ten-year statute limitations in 735 ILCS 5/13-206 governing written agreements applied to the guaranty part of the lease-

guaranty agreements at issue here. Notably, the Armbrister Court did not cite or evaluate Belleville Toyota, Inc. vs. Toyota Motor Sales U.S.A., Inc., or Riley Acquisitions, Inc. vs. Drexler and related cases, which held: "***If no recovery could be had against the principal debtor, the guarantor would also be absolved of liability." Riley Acquisitions, Inc. vs. Drexler, 408 Ill.App.3d 397, 400-401, 946 N.E.2d 957, 963 (1st Dist. 2011); Edens Plaza Bank vs. Demos, 277 Ill.App.3d 201, 209, 213, 660 N.E.2d 1 (Ill.App. 1995); Hensler vs. Busey Bank, 231 Ill.App.3d 920, 927, 596 N.E.2d 1269 (Ill.App. 1992).

The Plaintiffs respectfully submit that if faced with this issue the Illinois Supreme Court would rule that the four-year statutes of limitations apply to both the guaranty parts and the equipment lease parts of the agreements at issue, applying the "predominate purpose" test that was applied in Belleville Toyota, Inc. vs. Toyota Motor Sales U.S.A., Inc. and the principles of Riley Acquisitions, Inc. vs. Drexler, Edens Plaza Bank vs. Demos and Hensler vs. Busey Bank.

The individual claims of the Plaintiffs in Armbrister were either dismissed or settled and the class action claims in that case were dismissed without prejudice. See Armbrister vs. Pushpin Holdings, LLC, Case No. 12 C 246, United States District Court for the Northern District of Illinois.

Since the claims against the equipment lessees are barred by the four-year statute of limitations, the claims against the guarantors are also barred, for the reasons stated in Point III above.

This is one of the reasons that GCN Holding, LLC (November 2005) and Pushpin Holdings, LLC (March 2010) more than likely paid less than $100,000.00 to purchase these stale, degraded debts. For "amount in controversy" purposes, the viable claims that were purchased in this fashion are not worth anywhere near $2,600,000.00.

### V. THE DEFENDANTS' CLAIMS BASED ON THE EQUIPMENT LEASE GUARANTIES ARE SUBSTANTIALLY DEGRADED FOR "AMOUNT IN CONTROVERSY" PURPOSES BECAUSE ANY JUDGMENT THAT MAY BE ENTERED IN A SMALL CLAIMS CASE PREVIOUSLY FILED IS VOID UNDER THE ILLINOIS COLLECTION AGENCY ACT

The Illinois Collection Agency Act, 225 ILCS § 425/1 et seq. was adopted in 1985. In 1991 the Illinois Supreme Court concluded that it did not exempt any type of debt, and therefore applied to all debts and amounts owed. People ex rel. Daley vs. Datacom Systems Corporation, et al., 146 Ill.2d 1, 16, 585 N.E.2d 51, 58 (Ill. 1992).

The Collection Agency Act was not amended to exclude the debts described in the combined lease-guaranty agreements at issue at the time the leases and guaranty agreements were executed before November 2005, when they were allegedly assigned by CIT Financial to GCN Holding, LLC.

Effective January 1, 2008, Section 2 of the Collection Agency Act was amended to define debt as consumer credit transactions. 225 ICLS 425/2, amended as of January 1, 2008.

The January 1, 2008 amendment does not apply retroactively to the lease-guaranty agreements at issue, which were all executed, allegedly, before November 2005.

In Illinois amendments to statutes do not apply retroactively to contracts executed before the amendment, unless the amendment specifically so provides, or the amendment provides only procedural, not substantive, changes. <u>Yakubinis vs. Yamaha Motor Corporation, U.S.A.</u>, 365 Ill.App.3d 128, 136, 847 N.E.2d 552, 560 (Ill. App. 1st Dist. 2006). In Illinois the legislature has clearly indicated the temporal reach of every amended statute in Section 4 of the statute on statutes. Id. 5 ILCS 70/4. "Section 4 represents a clear legislative directive as to the temporal reach of statutory amendments***" providing "***those that are procedural in nature may be applied retroactively, while those that are substantive may not." Id. <u>Caveney vs. Bower</u>, 207 (Ill.2d 82, 92, 797 N.E.2d 596 (2003).

Since Pushpin Holdings, LLC is not registered or licensed under the Illinois Collection Agency Act, as required, any Judgment entered in a case previously filed by it is void. <u>LVNV Funding, LLC vs. Trice</u>, 2011 IL App (1st) 092773, 952 N.E.2d 1232, 1236, 352 Ill. Dec. 6, 10 (1st Dist. 2011), PLA Denied on November 30, 2011, 962 N.E.2d 483 (Table No. 112834). Any subsequent registration or licensing by Pushpin Holdings, LLC under the Illinois Collection Agency Act will not apply retroactively to any previously filed case. Id 952 N.E.2d at 1237.

This is one of the reasons that GCN Holding, LLC (November 2005) and Pushpin Holdings, LLC (March 2010) more than likely paid less than $100,000.00 to purchase these stale, degraded debts. For "amount in

controversy" purposes, the viable claims that were purchased in this fashion are not worth anywhere near $2,600,000.00.

### VI. THE DEFENDANTS' CLAIMS BASED ON THE EQUIPMENT LEASE GUARANTIES ARE SUBSTANTIALLY DEGRADED FOR "AMOUNT IN CONTROVERSY" PURPOSES BECAUSE A NUMBER OF THE GUARANTY AGREEMENTS ARE ILLUSORY BECAUSE THEY ARE EXECUTED BY THE LESSEE

The Defendants have not identified which lease-guaranty agreements were executed by the same person or entity as both lessee and guarantor. It is respectfully submitted that a substantial number of the agreements were executed in that fashion. A guaranty by the principal debtor is meaningless. It is illusory. Armbrister vs. Pushpin Holdings, LLC, 896 F.Supp.2d 746, 756 (N.D. Ill. 2012); GMAC, LLC vs. Hilllquist, 652 F.Supp.2d 908, 919 (N.D.Ill. 2009); Packard Bell Elec. Corp. vs. Ets-Hokin, 509 F.2d 634, 637 (7th Cir. 1975).

This is one of the reasons that GCN Holding, LLC (November 2005) and Pushpin Holdings, LLC (March 2010) more than likely paid less than $100,000.00 to purchase these stale, degraded debts. For "amount in controversy" purposes, the viable claims that were purchased in this fashion are not worth anywhere near $2,600,000.00.

### VII. DEFENDANTS MAY NOT RATIONALLY CLAIM THAT "THE AMOUNT IN CONTROVERSY" FOR THE ACTUAL DAMAGE COMPONENT IS 26 TIMES GREATER THAN THE CONSIDERATION PAID TO PURCHASE THESE STALE, DEGRADED DEBTS. THE "AMOUNT IN CONTROVERSY" MUST THEN BE REDUCED FURTHER TO DELETE CLAIMS BARRED BY (1) THE ROOKER-FELDMAN DOCTRINE, (2) BECAUSE NO JUDGMENT COULD BE OBTAINED AGAINST THE LESSEES (PRINCIPAL DEBTORS) AND (3) WHERE THE PRINCIPAL DEBTOR (LESSEE) AND THE GUARANTOR ARE THE SAME PERSON OR ENTITY

The putative Class Action Complaint alleges that the punitive damage claim is limited to no more than $2,000,000.00 and the claim for attorneys' fees is less than $400,000.00. To meet their burden of establishing that the "amount in controversy" exceeds $5,000,000.00, the Defendants must prove by a preponderance of the evidence that the class action claims could require them to disgorge money previously recovered and could preclude them from recovering additional amounts which total more than $2,600,000.00.

Debt buying companies are notorious for refusing to disclose the amount of consideration paid for the purchase of stale, degraded debt.

The Defendants have thus far failed to disclose the amount paid for this debt in November 2005 and against in March 2010. Plaintiffs have suggested that the consideration on both occasions was $100,000.00 or less.

Using $100,000.00 (until and unless the Defendants offer proof that it was a different amount) Defendants must persuade the Court that the compensatory damage component of "the amount in controversy" is 26 times greater than the purchase price for this old, degraded debt. <u>Blomberg vs. Service Corporation International</u>, 639 F.3d 761, 763 (7th Cir. 2011).

Then the Defendants must establish by a preponderance of the evidence that the compensatory damage component of "the amount in controversy" still exceeds $2,600,000.00 after removing from consideration the claims based on Judgments in the State Court (which are beyond this Court's jurisdiction under the Rooker-Feldman Doctrine), after removing from consideration the claims that are barred because Pushpin Holdings, LLC could no longer recover from

the principal debtor (lessee) because the principal debtor is deceased or is a dissolved corporation, <u>Riley Acquisitions, Inc. vs. Drexler</u>, 408 Ill.App.3d 397, 400-401, 946 N.E.2d 957, 963 (1st Dist. 2011); <u>Edens Plaza Bank vs. Demos</u>, 277 Ill.App.3d 201, 209, 213, 660 N.E.2d 1 (Ill.App. 1995); <u>Hensler vs. Busey Bank</u>, 231 Ill.App.3d 920, 927, 596 N.E.2d 1269 (Ill.App. 1992), and after deleting claims where the guaranty is meaningless because the principal debtor (lessee) and the guarantor are the same person or entity, <u>Armbrister vs. Pushpin Holdings, LLC</u>, 896 F.Supp.2d 746, 756 (N.D. Ill. 2012); <u>GMAC, LLC vs. Hilllquist</u>, 652 F.Supp.2d 908, 919 (N.D.Ill. 2009); <u>Packard Bell Elec. Corp. vs. Ets-Hokin</u>, 509 F.2d 634, 637 (7th Cir. 1975).

Then the Defendants must persuade the Court that the compensatory damage component of "the amount in controversy" still exceeds $2,600,000.00 when considering the statute of limitations and Illinois Collection Agency Act issues addressed in Points IV and V above.

The Defendants have not met their burden of establishing that the amount in controversy exceeds $5,000,000.00.

## **CONCLUSION**

FOR THE REASONS stated in the Motion to Remand and in this supporting Memorandum of Law, Plaintiffs respectfully submit that this case should be remanded to the Circuit Court of Cook County, Illinois pursuant to 28 U.S.C. §§ 1446 and 1447(c), 28 U.S.C. § 1332(d) and the Federal Rules of Civil Procedure.

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel: 618-628-0186
Fax: 618-628-0259
Email: law@dmduree.net
*Attorney for Plaintiff, Michael B. Johnson*
*And all Class Members*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 31, 2013, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record, addressed as follows:

celutz@lplegal.com
Ms. Christina E. Lutz
Levenfield Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602

ssilberfein@mosessinger.com
Mr. Scott E. Silberfein
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174-1299

Attorneys for the Defendants

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel: 618-628-0186
Fax: 618-628-0259
Email: law@dmduree.net
*Attorney for Plaintiff, Michael B. Johnson*
*And all Class Members*