UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. JOHNSON, on behalf of himself and on behalf of those similarly situated plaintiffs, | ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 13 C 7468 |
| PUSHPIN HOLDINGS, LLC, et al., | ) ) | |
| Defendants. | ) | |

# **MEMORANDUM OPINION**

CHARLES P. KOCORAS, District Judge:

This case comes before the Court on the motion to remand brought by Plaintiff Michael B. Johnson ("Johnson"). For the reasons stated below, Johnson's motion is granted. All pending motions are hereby denied as moot. In Court ruling set for 2/27/2014 is stricken.

## BACKGROUND

On September 11, 2013, Johnson, a North Carolina resident, originally filed this action, individually and on behalf of a putative class of similarly situated plaintiffs, in the Circuit Court of Cook County, Illinois, against Defendants Pushpin Holdings, LLC ("Pushpin"), Jay Cohen, Leonard Mezei, Ari Madoff, Alisha Ross,

Louisa Tatbak, Shaun Redwood, GNC Holding, LLC ("GNC Holding"), and CIT Financial USA, Inc. ("CIT Financial") (collectively "Defendants").

Johnson alleges that on August 21, 2013, a default judgment was entered against him for $3,660.29, in favor of Pushpin, in Cook County, Illinois. According to the Cook County Small Claims Court complaint, Pushpin originally acquired the claims against Johnson based on a lease agreement between Johnson and CIT Financial. CIT Financial later assigned its rights to GCN Holding, which subsequently re-assigned to Pushpin.

In addition to claims of abuse of process and malicious prosecution, Johnson alleges in his six-count complaint on behalf of himself and the putative class that Defendants violated the Illinois Consumer Fraud and Deceptive Business Act ("ICFA"), 815 Ill. Comp. Stat. Ann. 505/2, by filing and threatening to file lawsuits against Johnson and other members of the putative class without being properly registered as a foreign company or debt collection agency, which itself is a violation of the Illinois Collection Agency Act ("ICEA"), 225 Ill. Comp. Stat. Ann. 425/1.

Defendants removed the case pursuant to 28 U.S.C. §§ 1446 and 1453 to this Court, premising federal jurisdiction on the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). Johnson now seeks remand.

## LEGAL STANDARD

A federal court may generally remove to its jurisdiction a civil suit filed in state court so long as the district court has original jurisdiction. 28 U.S.C. § 1441. The

removal statute is to be interpreted narrowly, and any doubt regarding jurisdiction should be resolved in favor of the states. *Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). The party seeking removal bears the burden of establishing federal subject matter jurisdiction. *Doe v. Allied–Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993). Put simply, there is a strong presumption in favor of remand. *See Jones v. General Tire & Rubber Co.*, 541 F.2d 660, 664 (7th Cir. 1976).

## DISCUSSION

Johnson contests federal jurisdiction by arguing, *inter alia*, that removal of this case is defective because there is no subject matter jurisdiction under CAFA. Under CAFA, minimal diversity is all that is required. 28 U.S.C. § 1332(d)(2)(A). The removing party bears the burden of describing how the controversy exceeds $5 million. *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 448 (7th Cir. 2005). Since the amount in controversy is a pleading requirement and not a proof issue, a removing party need not "confess liability in order to show that the controversy exceeds the threshold." *Id*. at 449. The proponent must show what the stakes of litigation could be as well as what they are given the plaintiff's actual demands. *Id*. Once the proponent has plausibly suggested that the relief exceeds $5 million, then the case remains in federal court unless the plaintiff can show it is legally impossible to recover that much. *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 986 (7th Cir. 2008). The court assesses the amount the plaintiffs have placed in

controversy, not the amount they are actually entitled to recover. *Brill*, 427 F.3d at 449.

Johnson claims that the amount in controversy only reaches approximately $3.5 million with $400,000 in attorneys' fees, $2 million in punitive damages, and no more than $2.6 million in compensatory damages. Concentrating on the compensatory damages, Johnson requests a remand because Defendants failed to establish by a preponderance of the evidence that the compensatory damage component amount in controversy exceeds $2.6 million after removing from the consideration: (i) claims based on state court judgments barred by the *Rooker-Feldman doctrine* ("*Rooker-Feldman*"); (ii) claims barred because the principal debtor is deceased or is a dissolved corporation; (iii) claims where the guaranty is meaningless since the principal debtor and the guarantor are the same person or entity; (iv) claims against the lessees under the credit card cashing machine leases barred by the four-year UCC statute of limitations in Illinois for the purchase of goods and for finance leases; and (v) claims void under the ICEA.

This Court chooses to focus on the claims barred by *Rooker-Feldman* because Johnson declares that the doctrine affects approximately ninety percent of the putative class members. Defendants respond by claiming Johnson's injuries "would have resulted irrespective of any state court judgment" and that "the Complaint does not seek to reverse, invalidate or otherwise affect default judgments."

*Rooker-Feldman* prevents lower federal courts from exercising jurisdiction over claims that would require them to review a final judgment of a state court. *Manley v. City of Chi.*, 236 F.3d 392, 396 (7th Cir. 2001). The Seventh Circuit has held that *Rooker-Feldman* applies to proceedings under CAFA. *Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 818 (7th Cir. 2010). The doctrine derives in part from recognition of the fact that "a decision by a state court, however erroneous, is not itself a violation of the Constitution actionable in federal court." *Homola v. McNamera*, 59 F.3d 647, 650 (7th Cir. 1995). A lower federal court is precluded from entertaining claims that are "inextricably intertwined" with a state court judgment. *Epps v. Creditnet, Inc.*, 320 F.3d 756, 759 (7th Cir. 2003). If a claim is "inextricably intertwined" with a state court decision, the court must then determine whether the plaintiff had a "reasonable opportunity to raise the issue in the state court proceedings." *Taylor v. Fed. Nat. Morg. Ass'n*, 374 F.3d 529, 533 (7th Cir. 2004). To establish the reasonable opportunity exception, a plaintiff must point to "some factor independent of the actions of the opposing party" that prevents litigants from bringing claims during the state court proceedings. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 558 (7th Cir. 1999). If a claim cannot be separated from a prior state court judgment, it can only be appealed through the state court system and then to the United States Supreme Court. *Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600, 607 (7th Cir. 2008).

Both parties discuss a recent case, *Cain v. Deutsche Bank Aktiengesellschaft*, 2013 WL 3854250 (N.D. Ill. 2013) as support for their respective positions. In *Cain*, the putative class had originally brought its action in Cook County, asserting violations of ICFA, the Chicago Residential Landlord Tenant Ordinance, trespass, trespass to chattels, and conversion—all state law claims that originated from the allegedly wrongful eviction executed by the defendants. The plaintiffs sought to remand the case, arguing that *Rooker-Feldman* applied. The defendants claimed *Rooker-Feldman* did not apply to the foreclosure judgment at issue because the plaintiffs had not sought to set aside that judgment in their complaint (instead the plaintiffs sought damages). The court remanded the case to state court because the claims in connection with the foreclosure were inextricably intertwined with the state court judgment, and applying the reasonable opportunity exception would be incongruous since the plaintiffs wanted state court review in the first place. The court specifically noted that for *Rooker-Feldman* to apply, it was "not necessary that a plaintiff directly seek to set aside a state court judgment." *Id*. at *3.

In the instant case, by alleging a claim like abuse of process, Johnson is requesting this Court to review a final judgment of a state court, albeit a default judgment, and award damages on that basis (compensatory damages, punitive damages, and attorneys' fees). "Process" itself, does not mean the legal process of suing someone, but instead used in the literal sense of something issued by the court. *Rubloff Dev. Grp., Inc. v. SuperValu, Inc.*, 863 F. Supp. 2d 732, 747 (N.D. Ill. 2012).

Irrespective of Defendants' belief that Johnson "does not seek to reverse, invalidate or otherwise affect default judgments", theoretically, if this Court ends up awarding money damages in favor of Johnson for abuse of process, in its assessment, the Court would have had to *review* the state court's issuance of the default judgment and essentially *reject* that decision by concluding that abuse of process occurred when Defendants fraudulently prosecuted their initial claims against Johnson. *Rooker-Feldman* is intended to prevent just this. Unlike the plaintiff in *Bergquist* whose judgment enforcing an arbitration award was set aside by a state court judge, Johnson is still a state court loser. 592 F.3d at 817. He would be of the subclass with "a *Rooker-Feldman* problem" since there is a default judgment still issued against him. *Id*. at 820.

Contrary to most cases involving *Rooker-Feldman* (where the defendant argues that the doctrine applies to dismiss some, if not all, of the plaintiff's claims) this case presents a unique procedural issue where the defendant, not the plaintiff, is arguing against *Rooker-Feldman* in order to keep the case in federal court. The question now becomes whether to consider the second half of a *Rooker-Feldman* analysis—the reasonable opportunity exception. The court acknowledged this issue in a footnote in *Cain*, stating that "there are very few cases in which *Rooker-Feldman* has been analyzed in the context of this procedural posture—that is, a defendant seeking removal to federal court…[e]ssentially non-existent are any cases from among that tiny subset that actually consider the reasonable opportunity exception to *Rooker-*

*Feldman*." 2013 WL 3854250, at *6 n.3. This Court agrees that considering the reasonable opportunity exception in this case would be inapposite since the entire reason for Johnson's filing of the instant motion is to receive state court review. The reasonable opportunity exception embodies a similar opportunity for a plaintiff to preserve his claims in a manner he deems fit, but an analysis of its application to this case would merely be counterintuitive.

Federal law does not permit a district judge to remand the complete litigation just because portions belong in state court. *Bergquist*, 592 F.3d at 819. But claims that are inextricably intertwined with a state court judgment, and thus seek its review, "in essence," are also *Rooker-Feldman* barred. *Id*. In addition to Johnson's abuse of process claim, this Court finds that the above analysis pertains to Johnson's remaining state law claims, all of which are inextricably intertwined with the default judgment at issue. Each of the counts in the complaint (abuse of process, malicious prosecution and a violation of ICFA) would not have occurred but for the default judgment that the Cook County Small Claims Court entered against him. Defendants argue that Johnson's claims "would have resulted irrespective of any state court judgment." However, this Court finds that Johnson's claims are not separate or independent from the earlier state court default judgment.

In Johnson's complaint, he asserts that Defendants violated various laws by filing and *threatening to file lawsuits* against Johnson and other members of the putative class. It is important to note that *Rooker-Feldman* only applies to a specific

class member who has had a default judgment entered against him or her. This Court does not consider "future" putative class members as state court losers and refuses to bundle them with the current putative class members. *See Bergquist*, 592 F.3d at 818-19 (reversing the district court's remand of a putative class action because the named plaintiff was no longer a state-court loser).

Accepting Johnson's assertions as true, if more than ninety percent of the small claims lawsuits resulted or will result in default judgments and are barred by *Rooker-Feldman*, it is highly unlikely that the amount in controversy will meet the $5 million minimum CAFA requires. Defendants continue to rely on the argument that *Rooker-Feldman* does not apply to Johnson's claims, an argument which this Court presently rejects, and thus, Johnson has established that it would be legally impossible for the recovery to exceed $5 million.

## CONCLUSION

For the foregoing reasons, Johnson's motion to remand is granted. All pending motions are hereby denied as moot. In Court ruling set for 2/27/2014 is stricken.

_____
Charles P. Kocoras
United States District Judge

February 21, 2014
Dated: _____