**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| MICHAEL B. JOHNSON, )<br>on behalf of himself and on behalf )<br>of those similarly situated. )<br>　　　　　　　　　　　　　　　　)<br>　　　　Plaintiffs, )<br>　　　　　　　　　　　　　　　　)<br>vs. )<br>　　　　　　　　　　　　　　　　)<br>PUSHPIN HOLDINGS, LLC, JAY )<br>COHEN, LEONARD MEZEI, ARI R. )<br>MADOFF, ALISHA ROSS, LOUISA )<br>TATBAK, SHAUN REDWOOD, GCN )<br>HOLDING, LLC, and CIT )<br>FINANCIAL USA, INC., )<br>　　　　　　　　　　　　　　　　)<br>　　　　Defendants. ) | Case No. 2013-cv-7468 (CPK) (YBK)<br><br>Honorable Judge Charles P. Kocoras<br><br>Magistrate Judge Young B. Kim |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM IN SUPPORT
OF THE MOTION TO REMAND**

COMES NOW Plaintiff, Michael B. Johnson, for his Supplemental Memorandum in Support of the Motion to Remand, and respectfully submits the following:

**I.  FACTS**

1.　　The class consists of all Defendants who have been sued as Guarantors in a small claims case filed by Pushpin Holdings, LLC in Cook County, Illinois, after June 1, 2011, based on claims allegedly assigned by or on behalf of CIT Financial USA, Inc. to GCN Holding, LLC during November 2005 and allegedly reassigned by GCN Holding, LLC to Pushpin Holdings, LLC during March 2010.  (ECF Nos. 19 and 20, ¶ 1).

2. The amount in controversy is determined at the time of removal. Subsequent events do not affect the amount in controversy. (<u>Johnson vs. Pushpin Holdings, LLC</u>, 748 F3d 769, 773 (2014)).

3. The Notice of Removal was filed on October 17, 2013. (ECF No. 1).

4. Pushpin Holdings, LLC had filed 1,300 small claims lawsuits based on personal guarantys at the time of removal, October 17, 2013. (ECF No. 1-5, ¶ 6).

5. The amount of recoverable damages at the time of removal was no more than $355,407.62. The putative class members seek to re-recover the amounts Pushpin Holdings previously recovered from them in the small claims lawsuits. (Attached Interrogatory Answers of Pushpin Holdings, LLC).

6. The amount of attorneys' fees recoverable by the Plaintiffs at the time of removal was no more than $33,311.66. (Attached Affidavit of David M. Duree).

7. The amount of punitive damages recoverable at the time of removal was no greater than $3,198,668.58 (9 X $355,407.62).

8. The total amount in controversy, at the time of removal, exclusive of interest and costs, was no more than $3,587,387.86 (see ¶¶ 4-7 above).

## II. THIS COURT LACKS JURISDICTION FOR REMOVAL UNDER BOTH GENERAL REMOVAL STATUTES AND UNDER THE CLASS ACTION FAIRNESS ACT OF 2005

On February 5, 2014, pursuant to the Court's Order of February 4, 2014 (ECF No. 19), the Plaintiff clarified that the class consists of all Defendants who have been sued as Guarantors in a small claims case filed by Pushpin

Holdings, LLC in Cook County, Illinois after June 1, 2011, based on claims allegedly assigned by or on behalf of CIT Financial USA, Inc. to GCN Holding, LLC during November 2005 and allegedly reassigned by GCN Holding, LLC to Pushpin Holdings, LLC during March 2010. (ECF No. 20, ¶ 1).

All six counts of the Complaint seek monetary damages against Defendant Ari R. Madoff, a citizen and resident of the State of Illinois. Any claim for removal jurisdiction must be based on the Class Action Fairness Act of 2005. The case could not be removed under general removal authority. See 28 U.S.C. § 1441(b)(2) which provides that a civil action otherwise removable on diversity of citizenship grounds "may not be removed if any of the parties in interest properly joined and served as Defendants is a citizen of the state in which such action is brought".

This case was also not removable on Federal question grounds. See 28 U.S.C. § 1331.

Ari R. Madoff was not improperly joined. The Plaintiffs seek to recover monetary damages from him.

Jurisdiction in this Court must be based solely on the Class Action Fairness Act of 2005. The Defendants have the burden of proving by preponderance of the evidence that the amount in controversy exceeds $5,000,000.00. <u>Blomberg vs. Service Corporation International</u>, 639 F.3d 761, 763 (7th Cir. 2011).

The Defendants have not established by preponderance of the evidence that the amount in controversy exceeds $5,000,000.00. The amounts claimed

in the small claims lawsuits filed in Cook County, either before removal or in total, do not establish the amount in controversy in this case.

The putative class members seek to re-recover the amounts Pushpin Holdings previously recovered from them in the small claims lawsuits. Pushpin Holdings, LLC has admitted that amount was $355,407.62 at the time of removal, October 17, 2013. That was the amount recovered, as of that date, from the 1,300 Defendants in the 1,300 small claims lawsuits that had been filed as of October 17, 2013. See the Interrogatory Answer of Pushpin Holdings, LLC attached to the Affidavit of David Duree.

The amount in controversy for purposes of removal is determined at the time of removal. Anything that occurs after removal does not affect Federal Jurisdiction. Johnson vs. Pushpin Holdings, LLC, 748 F.3d 769, 773 (7th Cir. 2014).

The amount of attorney's fees and litigation expenses incurred by the Plaintiffs, at the time of removal, and therefore the amount in controversy at the time of removal is $33,311.66. See the Affidavit of David Duree attached.

The due process clause of the Constitution of the United States limits punitive damages to, at most, nine times compensatory damages. See Exxon Shipping Co. vs. Baker, 128 S.Ct. 2605, 554 U.S. 471 (2008) where the Supreme Court limited punitive damages to a one to one ratio for the Exxon Valdez Oil Spill in Prince William Sound, Alaska. See also State Farm Mutual Automobile Insurance Co. vs. Campbell, 123 S.Ct. 1513, 1524, 538 U.S. 408, 424-425 (2003) where the Supreme Court limited punitive damages to a nine to

one ratio, at most, excluding those cases where the compensatory damages are token in nature.

The recoverable compensatory damages, $355,407.62, plus the recoverable attorney's fees and litigation expenses, $33,311.66, plus the maximum permissible punitive damages (9 X $355,407.62) $3,198,668.58 total $3,587,387.86, exclusive of costs and interest, at the time of removal.

The Class Action Fairness Act of 2005 provides that the District Courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000.00, exclusive of interest and costs, in a class action.  28 U.S.C. § 1332(d)(2).

The Defendants have not met their burden of proving, by a preponderance of the evidence, that the amount in controversy exceeds $5,000,000.00.

Although it is not necessary for the Plaintiff to prove that it is legally impossible to recover $5,000,000.00 or to demonstrate to a legal certainty that Plaintiff's claim is for less than $5,000,000.00, Plaintiff has done so.  <u>Blomberg vs. Service Corporation International</u>, 639 F.3d 761, 763 (7th Cir. 2011); <u>Johnson vs. Pushpin Holdings</u>, 748 F.3d 769, 771 (7th Cir. 2014).

## **CONCLUSION**

FOR THE FOREGOING REASONS, Plaintiff, Michael B. Johnson, respectfully submits that this Court lacks jurisdiction under the General Removal Statutes and under the Class Action Fairness Act of 2005.  This case must be remanded to the Circuit Court of Cook County, Illinois.

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel:   618-628-0186
Fax:  618-628-0259
Email: law@dmduree.net

*Attorney for Plaintiff, Michael B. Johnson
And all Class Members*

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on June 25, 2014, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record, addressed as follows:

celutz@lplegal.com
Ms. Christina E. Lutz
Levenfield Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602

ssilberfein@mosessinger.com
Mr. Scott E. Silberfein
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174-1299

Attorneys for the Defendants


stacy@caclawyers.com
Ms. Stacy Bardo
The Consumer Advocacy Center, PC
180 West Washington
Suite 700
Chicago, IL 60602

*Co-counsel for Plaintiffs*

                                         /s/ David M. Duree
                                         David M. Duree, ARDC 0697087
                                         David M. Duree & Associates, P.C.
                                         312 South Lincoln Avenue
                                         P.O. Box 1416
                                         O'Fallon, IL 62269
                                         Tel:   618-628-0186
                                         Fax:   618-628-0259
                                         Email: law@dmduree.net

                                         *Attorney for Plaintiff, Michael B. Johnson*
                                         *And all Class Members*