## UNITED STATES DISTRICT COURT

### FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL B. JOHNSON,<br>on behalf of himself and on behalf of those<br>similarly situated plaintiffs,<br><br>   Plaintiffs,<br><br>  vs.<br><br>PUSHPIN HOLDINGS, LLC, JAY<br>COHEN, LEONARD MEZEI, ARI R.<br>MADOFF, ALISHA ROSS, LOUISA<br>TATBAK, SHAUN REDWOOD, GCN<br>HOLDING, LLC, and CIT FINANCIAL<br>USA, INC.,<br><br>   Defendants. | )<br>)<br>)<br>)<br>)<br>) Case No. 2013-cv-7468 (CPK) (YBK)<br>)<br>) DEFENDANT PUSHPIN HOLDINGS,<br>) LLC'S RESPONSE AND OBJECTIONS<br>) TO PLAINTIFFS' INTERROGATORIES<br>) AS DIRECTED BY COURT (DKT. 33)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure ("FRCP") and the Local Civil Rules, and in response to the motion by Plaintiffs (Doc. 39) and their June 5, 2014 letter requesting that an authorized representative of Pushpin Holdings, LLC ("Pushpin") state the amount Pushpin collected between March 2010 and October 16, 2013 from the 1,300 Defendants in the 1,300 small claims cases that had been filed in Cook County, Illinois as of October 16, 2013, Pushpin hereby supplements its response dated May 23, 2014 to Interrogatory No. 1 of "Plaintiff's Interrogatories Directed to Defendant Pushpin Holdings, LLC" (the "Interrogatory").

Pushpin reserves the right to amend or supplement its response and objections as may be necessary.

1031663v1  011082.0155

**EXHIBIT A, Page 1 of 5**

## GENERAL OBJECTIONS

1.     The failure to set forth any definitions in connection with the Interrogatory, including but not limited to the failure to define "total amount," "Lease Guarantors," "parties affiliated with [Pushpin]" and "recovered" renders the Interrogatory vague and ambiguous and imposes obligations beyond those imposed by FRCP 26 and any other applicable rules.

2.     The Interrogatory violates Rule 33 of the FRCP because it is propounded collectively to Pushpin and "parties affiliated with it," rather than to a single "party."

3.     The Interrogatory imposes obligations that are inconsistent with, or broader than, those imposed by FRCP 33 and the Local Civil Rules.

4.     The Interrogatory seeks information that is not relevant to the claims or defenses herein, already available to the Court and subject to motion practice, and/or not reasonably calculated to lead to the discovery of admissible evidence.

5.     The Interrogatory is vague, repetitive, harassing and/or not reasonably calculated to lead to the discovery of admissible evidence.

6.     Pushpin objects to the Interrogatory to the extent Plaintiffs use or intend to use the requested information for improper purposes.

7.     The Interrogatory seeks the disclosure of confidential business and/or proprietary information of Pushpin and/or other parties/non-parties.

8.     Pushpin's response to any part of the Interrogatory shall not be deemed an admission or acknowledgment that the Interrogatory calls for information that is relevant to the subject matter of this action or to the discovery permitted by the Minute Entry, and is without prejudice to Pushpin's right to contend at trial, or at any stage of the proceedings, that the requested information is inadmissible, irrelevant, immaterial or otherwise objectionable.

2

**EXHIBIT A, Page 2 of 5**

9.    Each of the foregoing General Objections is incorporated within the Response set forth herein.

10.    Pushpin's attorneys are prepared to confer in connection with any of the foregoing objections for purposes of resolving any disputes that may arise.

## SPECIFIC RESPONSE AND OBJECTIONS

Subject to and without waiving the above General Objections, Pushpin responds as follows:

1.    State the total amount that Pushpin Holdings, LLC, including parties affiliated with it, recovered from the Lease Guarantors between the dates of the alleged assignment in March 2010 until the date of removal, October 17, 2013.

ANSWER: $355,407.62 was the amount collected from March 01, 2010 - October 17, 2013 on all Pushpin leases from the 1,300 defendants Pushpin commenced actions against from the time period of March 2010 - October 17, 2013.

Dated: June 17, 2014                                    Respectfully submitted,

                                                        By:    /s/ Scott E. Silberfein

                                                        Christina Lutz
                                                        Jason Hirsh
                                                        Levenfeld Pearlstein, LLC
                                                        2 N. LaSalle St., Suite 1300
                                                        Chicago, Illinois 60602

                                                        Scott E. Silberfein (admitted *pro hac vice*)
                                                        Moses & Singer LLP
                                                        405 Lexington Avenue
                                                        New York, New York  10174-1299

                                                        *Attorneys for Defendants*

3

**EXHIBIT A, Page 3 of 5**

**EXHIBIT A, Page 4 of 5**

## VERIFICATION

I, Jay Cohen, declare:

I have read the foregoing Response and Objections to Plaintiffs' Interrogatories as Directed by Court (Dkt. 33) and know the contents thereof. I believe the information set forth in Response 1, which is limited by the information presently available and thus far discovered in the course of preparing this response, other than objections, is true and accurate. I reserve the right to amend or supplement said responses or to later add unintentionally omitted matters or matters of which I subsequently become aware or recall as a result of reviewing additional information.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Dated: June 18, 2014

_____
Jay Cohen

**EXHIBIT A, Page 5 of 5**