IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL B. JOHNSON, | ) | |
| COLLEEN KITCHENS, | ) | |
| ALICIA HOLTON, | ) | Case No. 2013-CV-7468 |
| STEPHEN GARCIA-AGOSTO, | ) | |
| ROBERT ROTELLA, SR., | ) | |
| ROBERT MARSH a/k/a | ) | Honorable Judge Charles P. Kocoras |
| BOBBY MARSH, | ) | |
| KRYSTYN A. WEIN a/k/a | ) | Magistrate Judge Young B. Kim |
| KRYSTYN A. EVANS, | ) | |
| ROBIN KRIER, | ) | |
| STEVEN MCANALLY a/k/a | ) | |
| STEVE MCANALLY, | ) | |
| ERIC RINKOFF and | ) | |
| JOSEPH FRED GARCIA | ) | |
| on behalf of themselves, and on | ) | |
| behalf of and as representative of | ) | |
| those who are similarly situated. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| PUSHPIN HOLDINGS, LLC, JAY | ) | |
| COHEN, LEONARD MEZEI, ARI R. | ) | |
| MADOFF, ALISHA RIOS, LOUISA | ) | |
| TATBAK a/k/a LOUISA FERRERA, | ) | |
| GCN HOLDING, LLC, and | ) | |
| SHAUN REDWOOD, | ) | |
| CIT FINANCIAL USA, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' MEMORANDUM IN SUPPORT OF THEIR
MOTION FOR RECONSIDERATION AND TO ALTER AND/OR AMEND
THE JUDGMENT AND ORDER OF DISMISSAL**

COME NOW Plaintiffs, Michael Johnson, Colleen Kitchens, Alicia Holton,

Stephen Garcia-Agosto, Robert Rotella, Sr., Robert Marsh a/k/a Bobby Marsh,

Krystyn A. Wein a/k/a Krystyn A. Evans, Robin Krier, Steven McAnally a/k/a

Steve McAnally, Eric Rinkoff and Joseph Fred Garcia, on behalf of themselves and on behalf of those similarly situated, for their Memorandum in Support of their Motion for Reconsideration and to Alter and/or Amend the Judgment and Order of Dismissal, and respectfully submit the following:

## I. STANDARD

Motions for Reconsideration and to Alter and/or Amend under Fed.R.Civ.P. 59(a) and (e) and 52(b) are limited to correcting manifest errors of law or fact and to the presentment of newly discovered evidence. <u>Evans, Inc. vs. Tiffany & Co.</u>, 416 F.Supp. 224, 244 (N.D. Ill. 1976); <u>Keene Corporation vs. International Fidelity Insurance Company</u>, 561 F.Supp. 656, 665 (N.D. Ill. 1983); <u>In re Olde Prairie Block Owner, LLC</u>, 447 B.R. 578, 587 (N.D. Ill. 2011).

## II. THE GUARANTIES OF THE SOLE PRACTITIONERS (HOLTON AND WEIN) WHO ALSO SIGNED AS GUARANTORS ARE MEANINGLESS, ILLUSORY AND UNENFORCEABLE

A Guaranty is "a promise to answer for the payment of some debt or the performance of some obligation, on default of such payment or performance, by a <u>third person</u> who is liable or expected to become liable therefor in the first instance." <u>CCP Limited Partnership vs. First Source Financial, Inc.</u>, 368 Ill.App.3d 476, 482, 856 N.E.2d 492, 497 (1st Dist. 2006); <u>Commonwealth Trust & Savings Bank vs. Hart</u>, 268 Ill.App.322, 327 (1st Dist. 1932).

<u>Black's Law Dictionary, Seventh Edition</u> defines an illusory contract as "An Agreement in which one party gives as consideration a promise that is so insubstantial as to impose no obligation. The insubstantial promise renders the contract unenforceable."

The claims against Alicia Holton and Krystyn, as Lessees, are barred by the four-year U.C.C. statutes of limitations for the sale of goods and for finance leases, 810 ILCS 5/2-725 and 810 ILCS 5/2(a)-506.

It was error to rule that the Guaranty Agreements signed by Holton and Wein are meaningless, but nevertheless valid and enforceable. They cannot guaranty their own obligations, and the claims against them as Lessees are barred by the four-year statutes of limitations. The small claims cases against them were meritless.

### III.  THE RULING BY THE ILLINOIS SUPREME COURT IN LVNV FUNDING VS. TRICE ON FEBRUARY 27, 2015, HOLDING THAT JUDGMENTS ENTERED IN FAVOR OF UNLICENSED DEBT COLLECTORS ARE VOIDABLE, NOT VOID, DOES NOT EVISCERATE PLAINTIFFS' CLIAMS FOR VIOLATIONS OF ICAA AND ICFA

This Court lacks subject matter jurisdiction to vacate the State Court Default Judgments under the *Rooker-Feldman Doctrine*. *Rooker-Feldman* does not, however, bar this Federal suit seeking damages for the unlawful conduct that misled the State Court into issuing the Default Judgments. Johnson vs. Pushpin Holdings, LLC, 748 F.3d 769, 773 (7th Cir. 2014).

Actions for violations of the ICFA may be based on deceptive acts or practices <u>or</u> on unfair conduct. Plaintiffs' claims that Pushpin violated the ICAA and therefore the ICFA by filing 3,000 small claims cases without registering as a debt buyer/debt collector is unaffected by the recent Supreme Court Ruling in LVNV FUNDING vs. Trice. The fact that Pushpin filed 3,000 small claims cases in violation of the ICAA, which resulted in almost 3,000 voidable Judgments instead of almost 3,000 void Judgments does not affect

Plaintiffs' claim that this conduct was unfair and oppressive in violation of the ICFA. An element of a claim for violation of the ICFA by engaging in a deceptive act or practice is (a) the Defendant intended that the Plaintiffs rely on the deception. That is not an element of a claim under the ICFA for unfair conduct, which is based on three factors: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers. Robinson vs. Toyota Motor Credit Corporation, 201 Ill.2d 403, 417-418, 775 N.E.2d 951, 960, 961 (Ill. 2002). Intent that the Plaintiffs' rely is part of a deceptive practices claim, but is not part of an unfair practices claim.

This Court's ruling that it is necessary to establish that the Defendants intended that the Plaintiffs rely on the Defendants' unfair practices, as an element of a claim for violation of the ICFA for unfair practice (ECF No. 105, p. 24) is incorrect. It is necessary to establish that the Defendants intended that the Plaintiffs rely on their deceptive acts or practices as part of a claim for deceptive acts or practices under ICFA. That is not an element of a claim based on unfair practices.

Pushpin's conduct in filing 3,000 small claims cases, thereby committing 3,000 Class A misdemeanors, in violation of the ICAA is an unfair practice irrespective of whether the resulting Default Judgments are void or voidable.

This Court's ruling that Plaintiffs failed to correlate between the penalty for a Class A misdemeanor and a violation of the ICAA and therefore a violation of the ICFA (ECF No. 105, p. 23) fails to acknowledge Plaintiffs' contention that

the commission of 3,000 Class A misdemeanors offends the public policy of the State of Illinois, one of the elements of unfair practice. It is not necessary to establish all three elements of unfair practice. Robinson vs. Toyota Motor Credit Corporation. See p. 15 of Plaintiffs' Response to Defendant's Motion to Dismiss (ECF No. 94, p. 15, Page Id #1292) and Saunders vs. Michigan Avenue National Bank, 278 Ill.App.3d 307, 312-313, 662 N.E.2d 602, 607-608 (1st Dist. 1996).

The Supreme Court Decision in LVNV FUNDING vs. Trice does not alter Plaintiffs' claims for violation of the ICAA and therefore the ICFA. It is not necessary to plead or prove that the Defendants intended for Plaintiffs to rely on Defendants' unfair conduct. That is an element of the cause of action only when claims are based on deceptive acts or practices.

### IV. THE COURT ERRED BY FAILING TO APPLY THE PRINCPLES OF RES JUDICATA AND COLLATERAL ESTOPPEL TO THE FINAL SMALL CLAIMS JUDGMENTS

The principles of *Res Judicata* and collateral estoppel and the *Rooker-Feldman Doctrine* preclude this Court from entering a Judgment on the same issues that is contrary to the Final Judgments entered in the small claims cases. Michael Johnson vs. Pushpin Holdings, LLC, 748 F.3d 769, 773 (7th Cir. 2014).

The doctrine of *res judicata* provides that Final Judgment on the merits rendered by a Court of competent jurisdiction bars any subsequent actions between the same parties or their privies on the same cause of action. Rein vs. David A. Noyes & Company, 172 Ill.2d 325, 334, 665 N.E.2d 1199, 1204 (Ill.

1996). The doctrine extends not only to what was actually decided in the original action, but also to matters which could have been decided in that suit. Illinois does not have a compulsory counterclaim rule. *Res Judicata* does not apply to claims that could have been brought as counterclaims in the small claims cases.

Collateral Estoppel is an equitable doctrine which precludes a party from re-litigating an issue decided in a prior proceeding. It applies when (1) the issue decided in the prior case is identical with the one presented in the current case (2) there was a final determination on the merits in the prior case (3) the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication. <u>Illinois Health Maintenance Organization Guaranty Assoc. vs. Department of Insurance</u>, 372 Ill.App.3d 24, 34-35, 864 N.E.2d 798, 809 (1st dist. 2007).

There are Final small claims Judgments, on the merits, determining that Pushpin could not recover from the Guarantors after the claims against the Lessees/Principal Debtors were barred by the four-year U.C.C. That covers all 3,000 cases. The small claims Courts relied on <u>Riley Acquisitions, Inc. vs. Drexler</u>, 946 N.E.2d 957 (1st Dist. 2011). Several of those small claims Judgments are final. Pushpin did not file a Notice of Appeal and the time for doing so has passed.

A small claims Judgment was also entered in favor of Krystyn Wein because she did not sign the Guaranty Agreement. The time for appeal has passed and Pushpin did not appeal.

The rulings of this Court that <u>Riley Acquisitions, Inc. vs. Drexler</u> is inapplicable (ECF No. 105, pp. 15-16) and that the Plaintiffs failed to adequately allege a claim for violation of the ICFA because they did not sign the Guaranty Agreements and/or their signatures were forged (ECF No. 105, p. 17) are contrary to the Final Judgments in the State Court small claims cases, in violation of the principles of *res judicata,* collateral estoppel and the *Rooker-Feldman Doctrine.*

The Plaintiffs sufficiently allege that Pushpin violated the ICFA by filing small claims cases against Defendants who did not sign the Guaranty Agreements under either Rule 8(a) or Rule 9(b).

Rule 9(b) must be read together with Rule 8(a). The information about the time, place and identity of the persons who forged the signatures of Michael Johnson, Krystyn Wein and Steven McAnally are peculiarly within the knowledge of the forgers and not the Plaintiffs. Plaintiffs have pleaded that they did not sign their alleged signatures. Plaintiffs allege that Defendants used aggressive marketing practices accepting forgeries and unauthorized signatures and that Defendants knew of these practices but nevertheless filed multiple small claims cases, using false Affidavits attached to the Complaints. The false Affidavits were prepared on an assembly-line basis with knowledge of the Defendants that the Affiants did not know the truth of the statements they were swearing to. Plaintiffs plead a viable cause of action for violations of the ICFA by filing multiple lawsuits based on alleged Guaranty Agreements which were not signed by the alleged Guarantors. Plaintiffs meet the requirements of

both Rule 8(a) and Rule 9(b). See <u>United States Life Insurance Company vs. Blum</u>, 2011 WL 70385 (S.D. New York 2011). The Plaintiffs alleged that the signature of their deceased father was forged. They were not claiming that their own signatures were forged. The Court held that the knowledge of the time, place and identity of the forger was peculiarly within the knowledge of the forger, and need not be pleaded by the Plaintiffs who met the requirements of Rule 9(b).

Here the Plaintiffs are not alleging that the signature of some third person was forged, but instead allege that they did not sign the Guaranty Agreements and their signatures were forged by some unidentified person. Defendants filed multiple small claims cases with knowledge that many of the alleged Guarantors did not sign the Guaranty Agreements. Plaintiffs state a cause of action under the ICFA.

## IV.  CONCLUSION

FOR THE FOREGOING REASONS, and for the reasons set forth in Plaintiffs' Motion for Reconsideration and to Alter and/or Amend the Judgment and Dismissal Order, Plaintiffs respectfully submit that the Memorandum Opinion should be set aside and that the Motion to Dismiss the Second Amended Complaint under Rule 12(b)(6) should be denied.

Respectfully submitted,

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel: 618-628-0186
Fax: 618-628-0259
Email: law@dmduree.net

*Attorney for Plaintiffs, Michael B. Johnson, Colleen Kitchens, Alicia Holton, Stephen Garcia-Agosto, Robert Rotella, Sr., Robert Marsh a/k/a Bobby Marsh, Krystyn A. Wein a/k/a Krystyn A. Evans, Robin Krier, Steven McAnally a/k/a Steve McAnally, Eric Rinkoff and Joseph Fred Garcia*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on March 30, 2015, he electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record, addressed as follows:

jhirsh@lplegal.com
celutz@lplegal.com
Mr. Jason B. Hirsh
Ms. Christina E. Lutz
Levenfield Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602

jbaranello@mosessinger.com
ssilberfein@mosessinger.com
Mr. John V. Baranello
Mr. Scott E. Silberfein
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174-1299
*Counsel for the Defendants*

stacy@caclawyers.com
Ms. Stacy Bardo
The Consumer Advocacy Center, PC
180 West Washington
Suite 700
Chicago, IL 60602
*Co-counsel for Plaintiffs*

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
*Attorney for Plaintiffs*