## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| MICHAEL B. JOHNSON, on behalf of himself and on behalf of those similarly situated plaintiffs, | ) ) ) ) |
| Plaintiffs, | ) Case No. 2013-cv-7468 (CPK) (YBK) ) |
| vs. | ) ) |
| PUSHPIN HOLDINGS, LLC, JAY COHEN, LEONARD MEZEI, ARI R. MADOFF, ALISHA ROSS, LOUISA TATBAK, SHAUN REDWOOD, GCN HOLDING, LLC, and CIT FINANCIAL USA, INC., | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION TO RECONSIDER

Defendants, Pushpin Holdings, LLC ("Pushpin"), Jay Cohen, Leonard Mezei, Ari R.

Madoff, Alisha Ross, Louisa Tatbak, Shaun Redwood, GCN Holding, LLC and CIT Financial

USA, Inc. ("Defendants"), by and through their attorneys, Moses & Singer LLP and Levenfeld

Pearlstein, LLC, respectfully submit this memorandum of law in response to Plaintiffs' motion at

ECF No. 111 (the "Motion") and Memorandum of Law at ECF No. 112 (the "Memorandum of

Law") seeking reconsideration and amendment of the Court's March 23, 2015 Opinion (the

"Opinion") dismissing the Second Amended Complaint (ECF No. 105) and state as follows.

### PRELIMINARY STATEMENT

In the rare instance a Court grants a motion for reconsideration, there must be a manifest

error, a change in the law or the discovery of new facts. In the instant Motion, Plaintiffs fail to

identify any change in the controlling law or any newly discovery evidence since the Court

issued its Opinion, and there is nothing evidencing that the Court made a manifest error. Instead,

the Motion merely asks the Court to rethink its decision. In short, the Court has already considered and correctly rejected Plaintiffs' arguments offered in support of their request for reconsideration and, thus, the instant Motion should be denied. At best, Plaintiffs seek a second bite at the apple which is neither appropriate in the context of a motion to reconsider nor proof of a manifest error. For the reasons set forth below, the Court should deny the Plaintiffs' Motion.

## FACTUAL BACKGROUND

As the Court is already aware from prior filings, Pushpin files small claims collection lawsuits in small claims court to enforce its rights pursuant to a Personal Guaranty. Plaintiffs allege that Lessees entered into agreements for credit card and check reading machines, whose "fair market value…was less than $250." Second Amended Complaint ("SAC"), ¶27[1]. In exchange, Lessees agreed to payments pursuant to the Lease Agreements which were "more than $3,000.00 per machine." *Id.* To secure the payments agreed to in the Lease Agreements, Guarantors executed Personal Guaranties. Lessees failed to abide by the terms of the Lease Agreements and Pushpin sought recourse against the Guarantors pursuant to the Personal Guaranty. SAC ¶128. In so doing, Plaintiffs argued that Defendants violated the Illinois Consumer Fraud and Deceptive Business Practices Act ("ICFA") and committed common law torts.

On January 13, 2015, Defendants moved to dismiss the SAC. ECF Nos. 89-92 (the "Motion to Dismiss"). On January 19, 2015, Plaintiffs responded to the Motion to Dismiss. ECF No. 94 (the "Response to the Motion to Dismiss"). On March 23, 2015, this Court granted the Motion to Dismiss. ECF No. 105; *see also Johnson v. Pushpin Holdings, LLC, et al.*, No. 13-cv-7468, 2015 WL 1345768 (N.D. Ill. March 23, 2015). This Court ruled, *inter alia*, that an

---

[1] "SAC, ¶ __" refers to paragraphs in the SAC, ECF No. 73.

individual may guarantee his sole proprietorship's financial obligations. 2015 WL 1345768, at *7. The Court reasoned that just because the guarantee may be "meaningless" does not mean it is unenforceable. And, in any event, it was not "unfair" for Pushpin "to pursue the Lease/Guaranty Agreements for the collection of an outstanding debt, secured by the Guaranty Agreement, which was valid." *Id.*

This Court also determined that the Plaintiffs did not and can not show how any alleged criminal penalty for failing to register under the Illinois Collection Agency Act ("ICAA") translates into a violation of the ICFA given that, *inter alia*, the failure to register does not void a final judgment. 2015 WL 1345768, at *9. The Court also recognized that Plaintiffs fail to allege a critical element of an unfair act under the ICFA, that the Defendants "intended" that the Plaintiffs would rely on Pushpin's unregistered status. *Id.*

This Court also considered Plaintiffs' claim that some of the Lease/Guaranty Agreements were allegedly forged and that some named Plaintiffs did not sign the Guaranty Agreements. The Court noted that claims of forgery "are akin to fraudulent practices" and require a heightened pleading standard of Rule 9(b). *Id.* The Court ruled that the broad allegations of forgery – "without pleading with particularity the circumstances of the forgeries" – did not satisfy the standard. *Id.*

Finally, this Court applied rules of contract construction, interpreted the language of the Guaranty Agreement in favor of the Guarantor, and determined that "the dissolution of a corporation, included in the Lease Agreement, does not terminate the obligations of the Guarantors." *Id.* at *6. Therefore, the Court ruled, the "Plaintiffs cannot establish an ICFA violation based on the extinguishment of a guaranty due to the dissolution of a corporation." *Id.*

Plaintiffs now ask this Court to reconsider each of these decisions, as well as the Court's decision to "ignore" Plaintiffs' *res judicata* and collateral estoppel arguments. For the reasons that follow, the Court should deny the Motion.

## LEGAL STANDARD FOR MOTION TO RECONSIDER[2]

"The problems justifying a motion for reconsideration ***rarely arise*** and the motion to reconsider should be equally rare." *Julin v. Advanced Equities, Inc.*, No. 13-C-9075, 2014 WL 6883130, *1 (N.D. Ill. Dec. 5, 2014) (emphasis added), *citing Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990). These motions are "permissible [only] when there is newly discovered evidence or there has been a manifest error of law or fact…[and] should only be granted in rare circumstances." *Jones v. Chicago Board of Ed.*, 13-cv-4732, 2015 WL 1158271, *2 (N.D. Ill. March 11, 2015) (Kocoras, J.) (citations omitted). More specifically, reconsideration motions are appropriate only when:

> [T]he Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension. A further basis for a motion to reconsider would be controlling or significant change in the law or facts since the submission of the issue to the Court. Such problems rarely arise and the motion to reconsider should be equally rare.

*Oshana v. Coca-Cola, Co.*, No. 04-C-3596, 2005 WL 670522 at *1-*2 (N.D. Ill., Mar. 16, 2005), *quoting Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990).

"A motion for reconsideration does not provide a vehicle for a party to undo its own procedural failures, and it certainly does not allow a party to introduce new evidence or advance

---

[2] "[Federal Rule of Civil Procedure] 59(e) allows a motion to alter or amend judgment, to correct such things as manifest errors of law or fact, but the motion must be served within ten days of the entry of judgment." *Alfaro v. Executive Mailing Service, Inc.*, 95-C-1421, 1996 WL 351186, *1 (N.D. Ill., June 21, 1996). Indeed, "[t]he Seventh Circuit requires that all motions served within ten days of the entry of judgment be treated as Rule 59(e) motions [as opposed to Rule 60(b) motions]." *Russell v. Delco Remy Div. of General Motors Corp.*, 51 F.3d 746, 750 (7th Cir. 1995).

arguments that could and should have been presented to the district court prior to the judgment."

*Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

## ARGUMENT

### A. THERE HAS BEEN NO CHANGE IN THE LAW, NEWLY DISCOVERED EVIDENCE, OR MANIFEST ERROR OF FACT OR LAW

Plaintiffs fail to identify any change in the controlling law or any newly discovered evidence. The Motion, instead, rests on the contention that Court committed not one, but a series of manifest errors.[3] In the end, there is no evidence to support such a contention and no basis to revise the Opinion. Rather, the only thing that is manifest is that Plaintiffs wrongly seek a second bite at the apple.

#### 1. *The Guaranty Agreements Are Enforceable*

According to Plaintiffs, the Court erred in holding that the Guaranty Agreements of Alicia Holton and Krystyn Wein, who allegedly operated sole proprietorships, are valid and enforceable. Motion, ECF No. 111, ¶ 4; ECF No. 112, pp. 2-3. Plaintiffs reargue that Lessees Alicia Holton and Krystyn Wein could not guaranty their own debts because Guarantors must be third parties. *Id.* The Court considered this precise argument in the Motion to Dismiss, and already issued a reasoned decision: just because the Guaranty Agreements may be "meaningless" does not mean they are not enforceable. 2015 WL 1345768, *7. This decision was not a manifest error, and Plaintiffs cite no authority or holding indicating otherwise.

Instead, Plaintiffs confuse the distinction between "meaningless" and "enforceable." Compounding this error, Plaintiffs rely on cases contemplating the better business sense for a

---

[3] Plaintiffs appear to make certain arguments in support of reconsideration in their motion (ECF No. 110) and others in their memorandum (ECF No. 111).

creditor to secure performance of a contract with a third-party guarantee but not requiring this.[4] *CCP Limited Partnership v. First Source Financial, Inc.*, 368 Ill.App.3d 476, 482, 856 N.E.2d 492, 497 (1st Dist. 2006) (simply stating that a guarantor, for the lender's sake, should be a "third person" to "reduce[] the lender's risk by shifting the risk to [the guarantor] who has a comparative advantage in monitoring or enforcement of the debtor's duties"); *Commonwealth Trust & Savings Bank v. Hart*, 268 Ill.App.322, 327 (1st Dist. 1932) (merely restating the definition). These decisions state the general proposition that guarantors are usually third persons. The cases do not foreclose the possibility that a guarantor and contracting party can be the same. Additionally, the dissent Plaintiffs cite in *Wilson v. Career Education Corp.*, 729 F.3d 665, 684 (7th Cir. 2013) (another new case which this Court must ignore), does not even concern personal guarantees.

Moreover, Plaintiffs fail to show that it was manifest error for the Court to hold that it was not unfair for Pushpin to sue the Guarantors. 2015 WL 1345768, at *7 ("...it is not unfair that Pushpin pursued the Lease/Guaranty Agreements for the collection of an outstanding debt, secured by the Guaranty Agreement, which was valid.")

### 2.    *LVNV Funding, LLC v. Trice Eviscerates Plaintiffs' ICAA Claims*

Plaintiffs next argue that the recent Illinois Supreme Court ruling in *LVNV Funding, LLC v. Trice*, 2015 IL 116129 (Ill. 2015) does not affect Plaintiffs' claim because the act of filing lawsuits is unfair and oppressive, "irrespective of whether the underlying Default Judgments are void or voidable." ECF No. 111, ¶ 5. In other words, Plaintiffs contend that the act of filing lawsuits itself is unlawful and therefore actionable, regardless of the outcome of any filed

---

[4] In other words, it probably makes better business sense for a Lessor to secure performance from a third party. But, that does not mean a party is foreclosed from seeking enforcement of its rights under the Guaranty.

lawsuit, and notwithstanding whether any of the purported class members actually suffered any damages. This Court correctly noted, and so ruled, that Plaintiffs' claims "hinge[] on the void nature of the small claims judgments," and, thus, *LVNV Funding, LLC* does, in fact, defeat Plaintiffs' ICAA claim as a matter of law. 2015 WL 1345768, *9.

*LVNV Funding, LLC* holds that the failure of a collection company to register as a debt collection agency does not void a final judgment entered in the case. Plaintiffs allege in Count III of their SAC that "any Judgment entered in an action filed by a party not registered or licensed under the Illinois Collection Agency Act, when required to do so, is void." SAC ¶ 172. The Court correctly held that *LVNV Funding, LLC* eviscerates any argument that the judgments obtained in violation of the ICAA are void. Furthermore, it is clear that the rejection of Plaintiffs' theory on the basis of Illinois Supreme Court authority is not manifest error.

### 3. *Plaintiffs Failed To Establish The Correlation Between ICFA Claims And Filing Lawsuits As An Unregistered Debt Collector, A Class A Misdemeanor*

In any event, Plaintiffs indeed "fail to enunciate the correlation between a penalty assessed to a debt collection agency under the ICAA and the manner in which it translates into a violation of the ICFA," which is the next finding Plaintiffs believe is manifestly erroneous. 2015 WL 1345768, *9. In support of their contention, Plaintiffs argue that "the commission of 3,000 Class A misdemeanors offends the public policy of the State of Illinois." ECF No. 112, pp. 4-5. But this statement does not address the Court's logical determination based on Illinois Supreme Court authority: even if there were a criminal penalty assessed, such penalty does not automatically equate to satisfaction of the elements necessary to state an ICFA claim.

Even if filing a lawsuit offends public policy (which it does not), such filing does not automatically "translate[] into a violation of the ICFA." Pleading an unfair practice, as discussed *infra*, is just the first of five elements of a valid ICFA claim.

#### 4.    *Plaintiffs Failed To Allege Reliance*

Plaintiffs incorrectly argue that this Court misconstrued the pleading requirements for an ICFA claim.  Specifically, Plaintiffs argue that "it is not necessary to plead or prove that the Defendants intended for Plaintiffs to rely on Defendants' unfair conduct" to adequately plead an ICFA claim.  ECF No. 112, p. 5.  This argument is wrong.[5]

To adequately plead a private cause of action under the ICFA, a plaintiff must allege the following elements: (1) a deceptive or unfair practice by the defendant; (2) the defendant's intent that the plaintiff rely on the deceptive or unfair practice; (3) that occurred in the course of conduct involving trade or commerce; (4) damage to the plaintiff; and (5) proximate causation. *Avery v. State Farm Mut. Auto. Ins. Co.*, 835 N.E.2d 801, 856 (Ill. 2005).  It is black-letter law that one of the elements of an ICFA claim, for both unfair and deceptive acts, is that the defendants intended for the plaintiffs to rely on the act.  *See, e.g., Avery*, 835 N.E.2d at 856; *see also Siegel v. Shell Oil Co.*, 612 F.3d 932, 934 (7th Cir. 2010), *citing Robinson v. Toyota Motor Credit Corp.*, 201 Ill.2d 403, 775 N.E.2d 951, 960 (Ill. 2002).

Plaintiffs are simply mistaken when they argue that it is not necessary to allege reliance.

#### 5.    *The Court Ignored Plaintiffs' Res Judicata and Collateral Estoppel Arguments*

Plaintiffs next argue that this Court was bound by the doctrines of *res judicata* and collateral estoppel to rely on and apply the findings of a few small claims court decisions.

The argument, like the others, is precisely the same argument Plaintiffs made in their Opposition to Defendants' Motion to Dismiss.  In Plaintiffs' Opposition, Plaintiffs argued that "the Defendants are bound by the Final State Court Judgments under the principles of collateral

---

[5] Plaintiffs continuously cite the elements necessary to prove "unfair conduct" but ignore the elements necessary to state an ICFA claim.

estoppel and res judicata." ECF No. 94, p. 2. In the instant Motion, the Plaintiffs make the same exact arguments. *See* ECF No. 111, p. 7, ¶ 7; ECF No. 112, pp. 5-6. However, Plaintiffs argue that "the Court did not address these issues raised in [their Opposition to Defendants' Motion to Dismiss]." ECF No. 111, p. 7.

The Court did not commit manifest error. First, the Court was not required to consider these arguments, as they are not tied to any cause of action or even in the SAC. Moreover, the Court was not even required to consider the argument, since Plaintiffs raised it for the first time in their Opposition to Defendants' Motion to Dismiss. *See* ECF No. 103, p. 5, citing *Perry v. Sheet Metal Workers' Local No. 73 Pension Fund*, No. 07-C-635, 2008 WL 789102, *7 (N.D. Ill. Mar 24, 2008) (ignoring argument raised for first time in opposition to a summary judgment motion). In addition, the argument, just as Plaintiffs presented it in their Opposition to Defendants' Motion to Dismiss, is unsupported by any case law. *See* ECF No. 103, p. 5, citing *Weinstein v. Schwartz*, 422 F.3d 476, 477 n.1 (7th Cir. 2005) ("[the] failure to develop an argument constitutes a waiver.")

Second, Plaintiffs acknowledge in their Motion that *res judicata* and collateral estoppel are wholly inapplicable because the doctrines only apply to the exact parties in those underlying suits. See ECF No. 112, pp. 5-6 ("*res judicata*…bars any subsequent actions between the same parties or their privies….collateral estoppel applies when…the party against whom estoppel is asserted was a party or in privity with a party to the prior adjudication.") The state court defendants (i.e., the putative class action members) are unrelated to Plaintiffs and the doctrines are inapplicable in the manner in which Plaintiffs suggest. ECF No. 103, p. 5.

Again, Plaintiffs provide in the instant Motion no authority permitting this Court to apply these alleged (and undocumented) state court rulings to a putative class of unrelated state court

defendants.  Moreover, this is a legal theory, and Plaintiffs do not assert it in connection with any of their actual causes of action.   There is nothing that the Court overlooked or manifestly erroneous about its decision.

### 6.      *Riley Acquisitions, Inc. v. Drexler Is Inapplicable*

Plaintiffs next argue that the Court erred by distinguishing *Riley Acquisitions, Inc. v. Drexler* because small claims courts already decided that the decision applies to some of the named Plaintiffs and *res judicata* and collateral estoppel bind this Court to follow the small claims decisions.   As shown *supra*, the doctrines of *res judicata* and collateral estoppel are wholly inapplicable.

It was not manifest error for the Court to find that *Riley Acquisitions, Inc. v. Drexler* is readily distinguishable.   Defendants argued in their Motion to Dismiss that, in *Riley*, the creditor's rights against a guarantor extinguished during bankruptcy, the creditor satisfied a significant portion of the debt in a foreclosure action, and the creditor released the remaining debtor from its obligations.   Only then, after the debtor's rights against the guarantor were extinguished in bankruptcy and the rights against the debtor released did *Riley* find that the obligations against the guarantor extinguished.   ECF No. 90, p. 15, n. 11.   This Court agreed, further holding that "even if there was an absence of a principal (dissolved corporation) on the note, the guarantors may still be liable, depending on if the guaranty expressly provides for continuing liability."   2015 WL 1345768, *6.

The arguments Plaintiffs raise are the same arguments Plaintiffs make in their Opposition to Defendants' Motion to Dismiss.   ECF No. 94, pp. 16-17.   Plaintiffs do not argue that the Court committed a manifest error (because the Court did not); instead, Plaintiffs simply rehash the same arguments seeking a second bite at the apple.

### 7.     *Plaintiffs Failed To Adequately Allege Forgery*

Plaintiffs next disagree with the Court's decision that Plaintiffs failed to adequately allege forgery. Plaintiffs "submit" that the claim that "they were sued, in small claims [c]ourt, on Guaranty Agreements they did not sign, are governed by Fed.R.Civ.P. 8(a) and not 9(b)." ECF No. 111, p. 8. This argument fails..

First, this is a new argument. The Court must ignore it. *See, e.g., Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996) (a motion for reconsideration "certainly does not allow a party to introduce new evidence or advance arguments that could and should not have been presented to the district court prior to the judgment.") Second, both Defendants and the Court cited cases that Rule 9(b) applies to forgery claims. *See, e.g.,* ECF No. 103, p.12; 2015 WL 1345768, *7. Plaintiffs ignore the legal arguments and instead "submit" that Rule 9(b) does not apply. Third, Plaintiffs cite no case law evidencing that it was manifest error for the Court to apply Rule 9(b) to a fraud/forgery claim, particularly in light of the authority supporting the Court's ruling

Plaintiffs also argue that the Court's decision on the forgery sub-class is incorrect because it is "contrary to the Final Judgments in the State Court small claims cases" and in violation of the principles of *res judicata*, collateral estoppel and the *Rooker-Feldman* doctrine. For the reasons shown *supra*, the doctrines are inapplicable. Moreover, the argument that the Court's decision violates the *Rooker-Feldman* doctrine is misplaced. The Court is not disturbing or even entertaining any purported judgments entered in the state courts.

### 8.     *The Guaranties Themselves State They Are Continuing*

Finally, Plaintiffs disagree with this Court's decision that "the language of the Guaranty Agreement, [construed] strictly in the Guarantor's favor, [makes] clear that the dissolution of a corporation, included in the Lease Agreement, does not terminate the obligations of the Guarantors." 2015 WL 1345768, *6. Plaintiffs argue (in the Motion, but not in their

Memorandum of Law) that the Guaranty Agreement only provides that "the Guaranty will continue <u>after the death of the Guarantor</u>." ECF No. 111, p. 10 (emphasis in original). But Plaintiffs literally ignore the remainder of the Guaranty, which explicitly provides that the Guaranty "is a continuing guaranty…[and] shall bind the heirs, administrators, representatives, successors and assigns, and may be enforced by or for the benefit of any assignee or successor of Lessor." *Id.* Applying the plain language of the Guaranty, it was not manifest error for the Court to rule that the dissolution of a corporation does not terminate the obligations of the Guarantors. Moreover, this is a new argument which the Court must ignore. *See, e.g., Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996).

## **CONCLUSION**

"The rulings of a district court are not to be viewed as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *Oshana v. Coca-Cola Co.*, No. 04 C 3596, 2005 WL 670522 (N.D. Ill. 2005). Yet, this is precisely what Plaintiffs seek. The Court did not commit any manifest errors of law or fact, there has been no intervening change or controlling law, and there is no newly discovered evidence. For the above reasons, the Motion should be denied in its entirety.

Dated: April 28, 2015          Respectfully submitted,

By:   /s/ John V. Baranello

Jason Hirsh
Christina Lutz
Levenfeld Pearlstein, LLC
2 N. LaSalle St., Suite 1300
Chicago, Illinois 60602

Scott E. Silberfein (admitted *pro hac vice*)
John V. Baranello (admitted *pro hac vice*)
Moses & Singer LLP
405 Lexington Avenue
New York, New York  10174-1299

*Attorneys for Defendants*