IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MICHAEL B. JOHNSON, <br> COLLEEN KITCHENS, <br> ALICIA HOLTON, <br> STEPHEN GARCIA-AGOSTO, <br> ROBERT ROTELLA, SR., <br> ROBERT MARSH a/k/a <br> BOBBY MARSH, <br> KRYSTYN A. WEIN a/k/a <br> KRYSTYN A. EVANS, <br> ROBIN KRIER, <br> STEVEN MCANALLY a/k/a <br> STEVE MCANALLY, <br> ERIC RINKOFF and <br> JOSEPH FRED GARCIA <br> on behalf of themselves, and on <br> behalf of and as representative of <br> those who are similarly situated. <br><br> Plaintiffs, <br><br> vs. <br><br> PUSHPIN HOLDINGS, LLC, JAY <br> COHEN, LEONARD MEZEI, ARI R. <br> MADOFF, ALISHA RIOS, LOUISA <br> TATBAK a/k/a LOUISA FERRERA, <br> GCN HOLDING, LLC, and <br> SHAUN REDWOOD, <br> CIT FINANCIAL USA, INC., <br><br> Defendants. | Case No. 2013-CV-7468 <br><br> Honorable Judge Charles P. Kocoras <br><br> Magistrate Judge Young B. Kim |

## PLAINTIFFS' REPLY IN SUPPORT OF THEIR
## MOTION FOR LEAVE TO SUPPLEMENT THE RECORD

COME NOW Plaintiffs, Michael Johnson, Colleen Kitchens, Alicia Holton,

Stephen Garcia-Agosto, Robert Rotella, Sr., Robert Marsh a/k/a Bobby Marsh,

Krystyn A. Wein a/k/a Krystyn A. Evans, Robin Krier, Steven McAnally a/k/a

Steve McAnally, Eric Rinkoff and Joseph Fred Garcia, on behalf of themselves

and on behalf of those similarly situated, and for their Reply in Support of their Verified Motion for Leave to Supplement the Record, respectfully submit the following:

### I. THE COURT MAY TAKE JUDICIAL NOTICE OF THE SMALL CLAIMS JUDGMENTS AND TRANSCRIPTS

There is no dispute that the Exhibits attached to the Verified Motion to Supplement the Record are true and accurate copies of the Judgments and the transcripts in the small claims cases.

The District Court may take judicial notice of matters of public record, including State Court Judgments and transcripts, without converting a Fed.R.Civ.P. 12(b)(6) motion into a Motion for Summary Judgment. Henson vs. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994); United States vs. Wood, 925 F.2d 1580, 1581-1582 (7th Cir. 1991).

Henson vs. CSC Credit Services held that the District Court properly took judicial notice of the State Court Judgment and related State Court file while ruling on Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6) stating: "Despite the express language of Fed.R.Civ.P. 12(b), we recently held that 'the District Court may also take judicial notice of matters of public record' without converting a 12(b)(6) motion into a Summary Judgment." The Court took judicial notice of not only the State Court Judgment but the State Court file indicating that a Clerk had erroneously entered a Default Judgment.

## II. THIS COURT'S DISCRETION TO SUPPLEMENT THE RECORD WITH THE HIGHLY RELEVANT STATE COURT JUDGMENTS AND TRANSCRIPTS IN THE SMALL CLAIMS CASES IS BASED ON TRIAL COURT, NOT APPELLATE COURT, RULES

The Defendants rely exclusively on Fed.R.App.P. 10(e)(2) and cases ruling on Motions to Supplement the Record in the Court of Appeals.

The issues are whether (1) this Court has discretion to supplement the Record and (2) whether it should exercise that discretion to supplement the Record with the highly relevant small claims Judgments and transcripts.

Fed.R.Civ.P. 15(a)(2) provides "The Court should freely give leave [to amend pleadings] when justice so requires. Fed.R.Civ.P. 10(c) provides: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes".

The small claims Judgments and transcripts are highly relevant to the issues raised in the Second Amended Complaint, the Motion to Dismiss, the Reply in Support of the Motion to Dismiss, the Response, the Court's Memorandum Opinion of March 23, 2015 and to Plaintiffs' Motion to Alter or Amend the Judgment. See Point III below.

In <u>188, LLC vs. Trinity Industries, Inc.</u>, 300 F.3d 730, 735 (7th Cir. 2002) the Seventh Circuit determined that the District Court properly considered a form attached to the Motion to Dismiss for purpose of granting Defendant's Motion to Dismiss under Fed.R.Civ.P. 12(b)(6). That Rule applies equally to a Motion to Supplement the Record with copies of the Judgments and transcripts in the small claims cases that are described in the Second Amended Complaint, the Motion to Dismiss, the Reply in Support of the Motion to

Dismiss, the Response, the Court's Memorandum Opinion of March 23, 2015, and in Plaintiffs' Motion to Alter or Amend the Judgment.

Moreover, the Court may take judicial notice of the transcripts and Judgments in the small claims cases.

### III.  THIS COURT HAS DISCRETION TO SUPPLEMENT THE RECORD WITH THE JUDGMENTS AND TRANSCRIPTS IN THE SMALL CLAIMS CASES, WHICH ARE HIGHLY RELEVANT TO (a) DEFENDANTS' MOTION TO DISMISS (b) DEFENDANTS' REPLY (c) THE COURT'S MEMORANDUM OPINION AND (d) PLAINTIFFS' MOTION FOR RECONSIDERATION AND TO ALTER OR AMEND THE JUDGMENT

The Judgments and proceedings in the small claims cases are alleged in ¶¶ 65, 71, 79, 85, 89, 96, 101, 117 124 of the Second Amended Complaint. Defendants argued in their Memorandum in Support of the Motion to Dismiss (ECF No. 90, pp. 3-4, 6) and the Reply (ECF No. 103, pp. 4-6) that "There are no active cases between Pushpin and the Guarantors in State Court" and "Therefore, Plaintiffs have pled themselves out of their own lawsuit" and "Each Plaintiff has***actively and successfully defended its respective State Court actions and has obtained a favorable disposition on the merits" and "The Plaintiffs have or will have no claims to litigate because dispositions in Plaintiffs' favor have or will soon result in complete victories for the Plaintiffs in State Court, vindicating their rights" and "Each Plaintiff has obtained (or is about to obtain) a disposition on the merits for his respective State Court action" and "Plaintiffs pull an about-face and argue that the claims of the named Plaintiffs are still alive" and "The State Court actions do not involve the same parties or their privies" and "To the extent *res judicata* applies at all, the doctrine bars the Plaintiffs from litigating their claims in this Court" and

"Plaintiffs are vigorously defending themselves in State Court and could have cross-claimed for violations of the ICFA in their respective individual actions".

While there are Final Judgments in many of the State Court cases, that is not true for Michael Johnson, Steven McAnally and Joseph Fred Garcia. The cases against Michael Johnson and Joseph Fred Garcia are still pending. The threatened second case against Steven McAnally has not yet been filed.

The Memorandum Opinion (ECF No. 105, pp. 6-7) states: "In light of the fact that there are no active cases between Pushpin and the Guarantors in State Court, the Plaintiffs' standing to sue is doubtful".

The transcripts reflect that the small claims cases were dismissed because the Complaints against the Guarantors were barred once the claims against the Principal Debtors, the Lessees, were barred by the four-year statutes of limitations (which applies to all of the small claims Complaints). The Small Claims Courts relied on Riley Acquisitions, Inc. vs. Drexler, 946 N.E.2d 957 (Ill. App. Ct. 2011). See pp. 10 and 12 of Exhibit B; pp. 5-6 of Exhibit C; pp. 19-21 of Exhibit D; pp. 6-8 of Exhibit E (Krystyn Wein did not sign the Guaranty); pp. 6-7 of Exhibit F; pp. 16-21 of Exhibit G and pp. 8-10 of Exhibit H to the Motion for Leave to Supplement the Record.

The Small Claims Courts ruled that the language of the Guaranty Agreements did not provide that the obligations of the Guarantor continued after the claims against the Lessees were barred. This Court reached a contrary conclusion at pp. 15-16 of its Memorandum Opinion (ECF No. 105)

and failed to discuss these issues while dismissing Count IV of the Second Amended Complaint, at pp. 24-25 of the Memorandum Opinion (ECF No. 105).

Plaintiffs argue in their Response to the Motion to Dismiss (ECF No. 94, pp. 16-17) that the Court is bound by the final small claims Judgments under the principles of *res judicata* and *collateral estoppel* and argue in their Motion to Alter or Amend the Judgment and Memorandum (ECF No. 111, pp. 5-6; ECF No. 112, pp. 5-7) that this Court is bound by the principles of *res judicata* and *collateral estoppel* and the *Rooker-Feldman doctrine.*

The Judgments and transcripts in the small claims cases are highly relevant to all of these issues raised after the Second Amended Complaint was filed.

The *Rooker-Feldman doctrine* precludes this Court from acting as an Appellate Court and deciding issues previously determined in the small claims Final Judgments. in cases heard on the merits.  Johnson vs. Pushpin Holdings, LLC, 748 F.3d 769, 773 (7th Cir. 2014); Riddle vs. Deutsche Bank National Trust Company, 2015 WL 1546536 (7th Cir. 2015); Exxon Mobil Corporation vs. Saudi Basic Industries Corporation, 544 U.S. 280, 284 (2005).  The ruling by this Court that the small claims cases are arguably meritorious because the Complaints against the Guarantors are not barred by the principles of Riley Acquisitions vs. Drexler is an attempt to overturn the contrary Final Judgments entered in the State Court.

The transcripts and Judgments in the State Court are highly relevant to the issues raised by the Second Amended Complaint, the Motion to Dismiss,

the Reply in Support of the Motion to Dismiss, the Response, this Court's Memorandum Opinion of March 23, 2015 and Plaintiffs' Motion to Alter or Amend the Judgment.

188, LLC vs. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002) held that documents attached to a Motion to Dismiss are considered part of the pleadings if they are referenced in the Plaintiff's Complaint and are central to his claim, even if they are not attached to the Complaint. In the same manner, the Judgments and transcripts, reflecting the reasoning of the small claims Judges are highly relevant, and should be considered in determining the Defendants' Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).

There is no dispute that the Exhibits attached to the Verified Motion to Supplement the Record are true and accurate copies of the small claims Judgments and are true and accurate copies of the transcripts in the small claims cases.

188, LLC vs. Trinity Industries, Inc., 300 F.3d 730, 735 (7th Cir. 2002) was not based on Appellate Rule 10(e)(2). See Defendants' Response (ECF No. 117, p. 2) where Defendants contend that the only applicable legal standard is Appellate Rule 10(e)(2).

188, LLC vs. Trinity Industries, Inc. relied on Fed.R.Civ.P. 10(c), which provides that "A copy of the written instrument that is an exhibit to a pleading is a part of the pleading for all purposes". Fed.R.Civ.P. 15(a)(2) provides: "***a party may amend its pleadings only with the opposing party's written consent or the Court's leave. The Court should freely give leave when justice so

Page 7 of 9
Case No. 2013-CV-7468

requires."  This case is still in the Trial Court.  The small claims transcripts and Judgments are clearly relevant to the Court's ruling dismissing the Complaint under Fed.R.Civ.P. 12(b)(6).  The Court clearly has discretion to grant the Motion for Leave to Supplement the Record.

## **CONCLUSION**

FOR THE FOREGOING REASONS and for the reasons stated in the Motion for Leave to Supplement (ECF No. 106) and Memorandum in Support (ECF No. 107) Plaintiffs respectfully submit that their Motion for Leave to Supplement the Record should be granted.

Respectfully submitted,

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel:  618-628-0186
Fax: 618-628-0259
Email: law@dmduree.net
*Attorney for Plaintiffs, Michael B. Johnson, Colleen Kitchens, Alicia Holton, Stephen Garcia-Agosto, Robert Rotella, Sr., Robert Marsh a/k/a Bobby Marsh, Krystyn A. Wein a/k/a Krystyn A. Evans, Robin Krier, Steven McAnally a/k/a Steve McAnally, Eric Rinkoff and Joseph Fred Garcia*

# CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 4, 2015, he electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record, addressed as follows:

jhirsh@lplegal.com
celutz@lplegal.com
Mr. Jason B. Hirsh
Ms. Christina E. Lutz
Levenfield Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602

jbaranello@mosessinger.com
ssilberfein@mosessinger.com
Mr. John V. Baranello
Mr. Scott E. Silberfein
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174-1299
*Counsel for the Defendants*

stacy@caclawyers.com
Ms. Stacy Bardo
The Consumer Advocacy Center, PC
180 West Washington
Suite 700
Chicago, IL 60602
*Co-counsel for Plaintiffs*

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
*Attorney for Plaintiffs*