| | |
|---|---|
| MICHAEL B. JOHNSON, ) | |
| COLLEEN KITCHENS, ) | |
| ALICIA HOLTON, ) | Case No. 2013-CV-7468 |
| STEPHEN GARCIA-AGOSTO, ) | |
| ROBERT ROTELLA, SR., ) | |
| ROBERT MARSH a/k/a ) | Honorable Judge Charles P. Kocoras |
| BOBBY MARSH, ) | |
| KRYSTYN A. WEIN a/k/a ) | Magistrate Judge Young B. Kim |
| KRYSTYN A. EVANS, ) | |
| ROBIN KRIER, ) | |
| STEVEN MCANALLY a/k/a ) | |
| STEVE MCANALLY, ) | |
| ERIC RINKOFF and ) | |
| JOSEPH FRED GARCIA ) | |
| on behalf of themselves, and on ) | |
| behalf of and as representative of ) | |
| those who are similarly situated. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| PUSHPIN HOLDINGS, LLC, JAY ) | |
| COHEN, LEONARD MEZEI, ARI R. ) | |
| MADOFF, ALISHA RIOS, LOUISA ) | |
| TATBAK a/k/a LOUISA FERRERA, ) | |
| GCN HOLDING, LLC, and ) | |
| SHAUN REDWOOD, ) | |
| CIT FINANCIAL USA, INC., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' REPLY IN SUPPORT OF THEIR MOTION FOR
RECONSIDERATION AND TO ALTER AND/OR AMEND
THE JUDGMENT AND ORDER OF DISMISSAL**

COME NOW Plaintiffs, Michael Johnson, Colleen Kitchens, Alicia Holton,

Stephen Garcia-Agosto, Robert Rotella, Sr., Robert Marsh a/k/a Bobby Marsh,

Krystyn A. Wein a/k/a Krystyn A. Evans, Robin Krier, Steven McAnally a/k/a

Steve McAnally, Eric Rinkoff and Joseph Fred Garcia, on behalf of themselves and on behalf of those similarly situated, for their Reply in Support of their Motion for Reconsideration and to Alter and/or Amend the Judgment and Dismissal Order under Fed.R.Civ.P. 59(a) and (e) and 52(b), and respectfully submit the following:

**I. THE COURT COMMITTED A MANIFEST ERROR OF LAW BY RULING THAT THE GUARANTIES OF LESSEES WHO ALSO SIGNED AS GUARANTORS ARE ENFORCEABLE (ALTHOUGH MEANINGLESS)**

Defendants argue that the Court did not commit a manifest error of law by ruling that the Guaranties of sole proprietors who signed as Lessees and as Guarantors are enforceable (although meaningless) (ECF No. 116, pp. 5-6). A party cannot guaranty its own obligations. The Court's ruling to the contrary is unsupported by any authority. <u>Armbrister vs. Pushpin Holdings, LLC</u>, 896 F.Supp.2d 746, 756 (N.D. Ill. 2012) held: "An individual operating a sole proprietorship is personally liable for its debts.\*\*\*If he guarantees the debt of the sole proprietorship, he is guaranteeing debts for which is he is already liable and the guaranty is <u>meaningless</u>.\*\*\*Although the ten-year statute of limitations in 735 ILCS 5/13-206 would apply to true guarantees, it is possible that Williford's only obligation was as lessee, in which the four-year statute of limitations applies. If Pushpin misrepresented to Plaintiffs that their debts were not time-barred, when they in fact were, this could amount to a deceptive practice under the ICFA".

The alleged violation of the ICFA in <u>Armbrister vs. Pushpin Holdings, LLC</u> was based on deceptive practices. In contrast, the Plaintiffs herein also claim

Page 2 of 12
Case No. 2013-CV-7468

unfair and oppressive conduct as a violation of the ICFA. In Armbrister the Court ruled that Williford and the other Plaintiffs failed to plead actual damages. That is not the case here. See also 11 R Sales, Inc. vs. Yarto, 2008 WL 4279577*7 (E.D. Wash. 2008) citing Wilson Court Ltd. P'ship vs. Tony Maroni's, Inc., 134 Wash.2d 692, 707, 952 P.2d 590 (Wash. 1998). A party may not guaranty their own obligations. The terms "meaningless" and "enforceable" are inherently contradictory. A meaningless guaranty is an unenforceable guaranty.

## II. THE COURT'S RULING THAT THE RECENT ILLINOIS SUPREME COURT RULING IN LVNV FUNDING VS. TRICE EVISCERATES PLAINTIFFS' CLAIMS UNDER THE ICAA AND ICFA IS A MANIFEST ERROR OF LAW

Defendants argue that this Court's ruling that the recent Illinois Supreme Court Decision in LVNV Funding, LLC vs. Trice eviscerates Plaintiffs' claims under the ICAA and ICFA is correct because Plaintiffs allege that the State Court Judgments were void (ECF No. 116, pp. 6-7).

LVNV Funding, LLC vs. Trice, 2015 IL 116129 (Ill. Feb. 27, 2015), which is still not released for publication as of May 4, 2015, held at *6, ¶ 25: "The suggestion that the 'mere filing of a lawsuit' cannot be abusive is either naïve or disingenuous.***We reject LVNV's argument that debt buyers' lawsuits—with or without the involvement of counsel—pose no danger to the public welfare and are thus not subject to the restrictions and penalties the legislature has seen fit to impose."

And at *9, ¶ 40: "To be sure, LVNV's failure to register as a debt collection agency was error. And that error, if raised in a timely fashion, might

have warranted dismissal of LVNV's lawsuit by the Circuit Court, merited reversal on direct appeal, or justified setting aside the Final Judgment under Section2-1401 if the requirements of that provision, such as due diligence, were established."

Prior to the February 27, 2015 Opinion in LVNV Funding, LLC vs. Trice, Illinois law provided, in the previous LVNV Funding, LLC vs. Trice Appellate Opinion, that Judgments obtained by unregistered debt buyers/debt collectors are void.

The distinction between void and voidable is insignificant for purposes of the Second Amended Complaint. Pushpin's conduct in filing 3,000 lawsuits in violation of the ICAA, thereby committing 3,000 Class A misdemeanors, establishes a viable claim under the ICFA, irrespective of whether the underlying Default Judgments are void or voidable.

Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate only if the Plaintiff can establish no set of facts upon which relief can be granted. Henson vs. CSC Credit Services, 29 F.3d 280, 284 (7th Cir. 1994). Claims under the ICFA may be based on (a) deceptive practices or (b) unfair conduct.

The filing of 3,000 small claim cases, thereby committing 3,000 Class A misdemeanors by an unlicensed debt buyer/debt collector establishes a viable claim that Defendants violated the ICFA by engaging in unfair and oppressive conduct. See Point III below.

**III.  THE COURT COMMITTED A MANIFEST ERROR OF LAW
BY RULING THAT DEFENDANTS' INTENT THAT PLAINTIFFS RELY
ON DEFENDANT'S CONDUCT IS A NECESSARY ELEMENT OF
A CLAIM UNDER THE ICFA FOR UNFAIR CONDUCT.**

The Court ruled that Defendants failed to state a claim under the ICFA because they failed to allege that Defendants intended that Plaintiffs rely on Defendants' conduct (ECF No. 105, p. 24).  Defendants state in their Response (ECF No. 116, p. 8) that Defendant's intent that Plaintiff rely on Defendants' unfair practices is an element of a cause of action under the ICFA based on unfair practices, citing Avery vs. State Farm Mutual Auto Ins. Co., 835 N.E.2d 801, 856 (Ill. 2005).  Defendants have miscited Avery vs. State Farm, which actually holds, at p. 856: "To succeed in a private cause of action under the Consumer Fraud Act, a Plaintiff must prove '(1) a deceptive act or practice by the Defendant, (2) the Defendant's intent that the Plaintiff rely on the deception, (3) the occurrence of the deception in the course of conduct involving trade or commerce, and (4) actual damage to the Plaintiff (5) proximately caused by the decision.' "  The Court was describing the elements of a cause of action based on deceptive practices, not the elements of a cause of action based on unfair or oppressive conduct.  It makes no reference to a case based on unfair conduct.  Defendants have miscited Avery vs. State Farm Mutual Auto Ins. Co.

The ICFA, 815 ILCS 502/2, provides: "Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, misrepresentation or the concealment, suppression or omission of any material

fact, <u>with intent that others rely upon the concealment, suppression or omission of such material fact,</u> or in the use or employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act, approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby. In construing this section consideration shall be given to the interpretations of the Federal Trade Commissions and the Federal Courts relating to Section 5(a) of the Federal Trade Commission Act." The ICFA also provides "This Act shall be liberally construed to effect the purposes thereof". 815 ILCS 505/11a.

Defendants' reliance on <u>Siegel vs. Shell Oil Co.</u>, 612 F.3d 932, 934 (7th Cir. 2010) is misplaced. It merely cites <u>Robinson vs. Toyota Motor Credit Corp</u>., 775 N.E.2d 951, 960 (Ill. 2002) which clearly limited the Defendants' intent that Plaintiff rely to cases based upon deceptive acts or practices and not cases based on unfair conduct.

Defendants' intent that Plaintiffs rely on Defendants' conduct is not an element of a claim under the ICFA for unfair conduct, which is based on three factors: (1) whether the practice offends public policy; (2) whether it is immoral, unethical, oppressive or unscrupulous; (3) whether it causes substantial injury to consumers. <u>Robinson vs. Toyota Motor Credit Corporation</u>, 201 Ill.2d 403, 417-418, 775 N.E.2d 951, 960, 961 (Ill. 2002). Intent that the Plaintiffs' rely is part of a deceptive practices claim, but is not part of an unfair practices claim.

Plaintiffs' actual reliance is not an element of either deceptive practices or unfair practices claims.

The Court's ruling that Plaintiffs failed to connect the 3,000 misdemeanors to their claims for violations of the ICFA is also a manifest error. The 3,000 misdemeanors establish violations of Illinois public policy established by the ICAA, one of the elements of an unfair practices claim. See also Point II above.

### IV.  THIS COURT LACKS SUBJECT MATTER JURISDICTION TO RULE, CONTRARY TO THE FINAL JUDGMENTS IN THE STATE COURT, THAT PUSHPIN'S SMALL CLAIMS COMPLAINTS AGAINST THE GUARANTORS ARE NOT BARRED BY RILEY ACQUISITIONS VS. DREXLER, UNDER THE *ROOKER FELDMAN DOCTRINE; AND IS ALSO BARRED BY* THE PRINCIPLES OF *RES JUDICATA* AND *COLLATERAL ESTOPPEL*

The Court ruled that Riley Acquisitions, Inc. vs. Drexler, 946 N.E.2d 957 (Ill. App. Ct. 2011) does not bar the small claims Complaints against the Guarantors because the Guaranty is a continuing Guaranty.  That specific argument was considered and rejected by the Small Claims Courts before entering Final Judgment in ten separate cases.  This Court lacked subject matter jurisdiction to enter a contrary ruling on the same issue under the *Rooker Feldman Doctrine.*  District of Columbia Court of Appeals vs. Feldman, 460 U.S. 462, 482 (1983) held "***a United States District Court has no authority to review Final Judgments of a State Court in judicial proceedings.  Review of such Judgments may be had only in this Court.  Therefore, to the extent that Hickey and Feldman sought review in District Court of the District

of Columbia Court of Appeals' denial of their Petitions for Waiver the District Court lacked subject matter jurisdiction over their Complaint."

The doctrines of *res judicata* and *collateral estoppel* also preclude this Court from concluding that the small claims Complaints against the 3,000 Guarantors are not barred by application of <u>Riley Acquisitions vs. Drexler</u>.

The doctrine of *res judicata* bars the Defendants from re-litigating the small claims Judgments. <u>Rein vs. David A. Noyes & Company</u>, 172 Ill.2d 325, 334, 665 N.E.2d 1199, 1204 (Ill. 1996).

*Collateral estoppel* also bars the Defendants from re-litigating the issues specifically decided in the small claims cases. Pushpin Holdings, LLC was the Plaintiff in all 3,000 small claims cases. The doctrine of *collateral estoppel* applies when (1) the issue decided in the prior case is identical with the one presented in the current case (2) it was a final determination on the merits in the prior case and (3) the party against whom *estoppel* is asserted was a party or in privity with a party to the prior adjudication. <u>Illinois Health Maintenance Organization Guaranty Assoc. vs. Department of Insurance</u>, 372 Ill.App.3d 24, 34-35, 864 N.E.2d 798, 809 (1st dist. 2007).

The Defendants contention that Plaintiff somehow waived these arguments (ECF No. 116, pp. 8-9) is without merit. The *res judicata* and *collateral estoppel* arguments were raised and developed in Plaintiffs' Response to the Motion to Dismiss (ECF No. 94, pp. 22-23 of 31).

None of the small claims Judgments were final at the time the Second Amended Complaint was filed on November 21, 2014. The earliest Judgment,

Page 8 of 12
Case No. 2013-CV-7468

finding that Krysten Wein did not sign the Guaranty, is dated October 27, 2014. The earliest small claims Judgment finding that the Complaint should be dismissed under the principles of <u>Riley Acquisitions vs. Drexler</u> is dated November 17, 2014. See Exhibit A to the Motion for Leave to Supplement the Record (ECF No. 106).

The fact that the 3,000 small Complaints were filed without merit, under the principles of <u>Riley Acquisitions vs. Drexler</u>, is part of Plaintiffs' claim that the Defendants violated the ICFA by engaging in unfair conduct by filing 3,000 meritless small claims cases.

These issues were raised for the first time possible in the Response to the Motion to Dismiss under Rule 12(b)(6).

The absence of subject matter of jurisdiction under the *Rooker Feldman* matter jurisdiction cannot be waived. <u>Weaver vs. Hollywood Casino-Aurora, Inc.</u>, 255 F.3d 379, 381 (7th Cir. 2001); <u>Freedom From Religion Foundation, Inc. vs. City of Green Bay</u>, 581 F.Supp.2d 1019, 1029, FN 6 (E.D. Wisc. 2008).

**V. THE COURT COMMITTED A MANIFEST ERROR OF LAW BY RULING THAT PLAINTIFFS HAVE FAILED TO ALLEGE A CLAIM FOR VIOLATION OF THE ICFA BY FILING MULTIPLE LAWSUITS AGAINST PARTIES WHO DID NOT SIGN THE GUARANTY AGREEMENTS, IRRESPECTIVE OF WHETHER THE ALLEGATIONS ARE ANALYZED UNDER RULE 8(a) OR 9(b)**

Dismissal under Fed.R.Civ.P. 12(b)(6) is appropriate only if the Plaintiff can establish no set of facts upon which relief can be granted. <u>Henson vs. CSC Credit Services</u>, 29 F.3d 280, 284 (7th Cir. 1994). Claims under the ICFA may be based on (a) deceptive practices or (b) unfair conduct. See Point III above.

The Court ruled that Plaintiffs failed to state a claim under the ICFA for the lawsuits filed against the parties who did not sign the Guaranty Agreements because those claims include allegations that the signatures were forged and that the heightened standards of Rule 9(b) apply. (ECF No. 105, p. 17).

Plaintiffs do not know who forged their signatures, when they were forged or where they were forged.

Plaintiffs have alleged, however, that their signatures were forged and the Defendants knew the small claims Complaints alleging that they signed the Guaranty Agreements were based on false affidavits prepared on an assembly-line basis (Second Amended Complaint, ¶¶ 14-16, 57, 109, 115, 117, 138, 140, 166. Plaintiffs allege that Defendants used sales representatives to procure the signatures on the Guaranty agreements, that the sales representatives used aggressive market practices, frequently accepting forged leases and leases executed by unauthorized people, and that the sales representatives were agents of CIT financial USA, Inc. which had knowledge of the aggressive marking practices of its agents. (Second Amended Complaint, ¶¶ 28, 30). These allegations sufficiently allege a violation of the ICFA by filing numerous lawsuits against parties whom the Defendants knew had not signed the Guaranty Agreements. The Defendants knew about the aggressive marketing practices used to secure forged and unauthorized signatures. The Defendants knew that the Affidavits attached to the 3,000 small claims Complaints were not true and were prepared on an assembly-line basis

Those allegations sufficiently state a cause of action for violation of the ICFA, which is to be liberally construed. 11 ILCS § 515/11(a).

## CONCLUSION

FOR THE FOREGOING REASONS, and for the reasons stated in the Motion for Reconsideration (ECF No. 111) and in the Memorandum in Support (ECF No. 112) Plaintiffs respectfully submit that their Motion to amend or alter the Judgment by setting aside the Memorandum Opinion dismissing the Complaint with pleasure and denying the Motion to Dismiss the Second Amended Complaint should be granted.

Respectfully submitted,

/s/ David M. Duree
David M. Duree, ARDC 0697087
David M. Duree & Associates, P.C.
312 South Lincoln Avenue
P.O. Box 1416
O'Fallon, IL 62269
Tel: 618-628-0186
Fax: 618-628-0259
Email: law@dmduree.net

*Attorney for Plaintiffs, Michael B. Johnson, Colleen Kitchens, Alicia Holton, Stephen Garcia-Agosto, Robert Rotella, Sr., Robert Marsh a/k/a Bobby Marsh, Krystyn A. Wein a/k/a Krystyn A. Evans, Robin Krier, Steven McAnally a/k/a Steve McAnally, Eric Rinkoff and Joseph Fred Garcia*

# CERTIFICATE OF SERVICE

      The undersigned hereby certifies that on May 4, 2015, he electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the attorneys of record, addressed as follows:

jhirsh@lplegal.com
celutz@lplegal.com
Mr. Jason B. Hirsh
Ms. Christina E. Lutz
Levenfield Pearlstein, LLC
2 N. LaSalle Street, Suite 1300
Chicago, IL 60602

jbaranello@mosessinger.com
ssilberfein@mosessinger.com
Mr. John V. Baranello
Mr. Scott E. Silberfein
Moses & Singer, LLP
405 Lexington Avenue
New York, NY 10174-1299
*Counsel for the Defendants*

stacy@caclawyers.com
Ms. Stacy Bardo
The Consumer Advocacy Center, PC
180 West Washington
Suite 700
Chicago, IL 60602
*Co-counsel for Plaintiffs*

                                                 /s/ David M. Duree
                                                 David M. Duree, ARDC 0697087
                                                 David M. Duree & Associates, P.C.
                                                 *Attorney for Plaintiffs*